[No. D050330. Fourth Dist., Div. One. Sept. 16, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JULIAN SALCIDO, Defendant and Appellant.

COUNSEL

Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**McDONALD, Acting P. J.**—Julian Salcido appeals his conviction following his nolo contendere plea to one count of assault by a prisoner with a deadly weapon or by means of force likely to produce great bodily injury (Pen. Code, § 4501).[1] On appeal, he contends his conviction must be reversed because the trial court erred by denying his section 1387 motion to dismiss the third complaint filed against him.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 15, 2000, Salcido, a prisoner at Calipatria State Prison, struck Sergeant R. Konkel on the head with a six-foot-long board. Konkel sustained a two-inch laceration that required six sutures to close.

*First Complaint.* On December 11, 2000, a criminal complaint (case No. CF-8297) was filed charging Salcido with battery by a prisoner on a nonconfined person (§ 4501.5) based on the June 15 incident. On January 10, 2001, the trial court questioned Salcido's competence to stand trial, suspended the criminal proceedings pursuant to section 1368 (despite Salcido's request to proceed with his preliminary hearing), and ordered a mental health evaluation of Salcido. On February 5, the People moved to dismiss the complaint pursuant to sections 859b and 1368. On February 20, the trial court dismissed the complaint.

*Second Complaint.* On February 20, 2001, a second criminal complaint (case No. CF-8454) was filed, again charging Salcido with battery by a prisoner on a nonconfined person (§ 4501.5) based on the June 15, 2000, incident. Although Salcido's counsel then expressed doubts regarding Salcido's competency, the trial court did not suspend the criminal proceedings.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

On February 27, 2001, the court stated it had reviewed two mental health reports, both of which concluded Salcido was competent to stand trial but was unable to knowingly and intelligently waive his right to counsel. The court concluded Salcido was competent to stand trial but was unable to knowingly and intelligently waive his right to counsel. The court denied Salcido's request to represent himself.

On March 5, 2001, a preliminary hearing was held and the court bound Salcido over for trial. On March 20, an information was filed charging Salcido with one count of battery by a prisoner on a nonconfined person (§ 4501.5) and one count of assault by a prisoner with a deadly weapon or by means of force likely to cause great bodily injury (§ 4501).

On April 6, 2001, Salcido filed a motion to dismiss the information pursuant to section 995, arguing he had not properly been legally committed after his preliminary hearing because he had been denied his right to represent himself after he was found competent to stand trial. On April 20, the trial court heard arguments on, and then granted, Salcido's section 995 motion and dismissed the information.

*Third Complaint.* On May 21, 2001, a third criminal complaint (case No. CF-8798) was filed charging Salcido with one count of battery by a prisoner on a nonconfined person (§ 4501.5) and one count of assault by a prisoner with a deadly weapon or by means of force likely to cause great bodily injury (§ 4501), both of which were based on the June 15, 2000, incident.

On August 30, 2001, Salcido filed a motion to dismiss the complaint pursuant to section 1387. He argued the trial court's prior orders twice dismissing the action against him (in cases Nos. CF-8297 and CF-8454) barred further prosecution for the same offense pursuant to the section 1387 two-dismissal rule. He further argued that a third prosecution was not permitted pursuant to section 1387.1 because neither of the offenses previously charged, which charges were twice dismissed, was a violent felony under section 667.5. On September 12, the trial court stated it could not proceed on Salcido's motion because the criminal proceedings had been suspended pursuant to section 1368.

On December 31, 2001, Salcido filed another motion to dismiss the complaint pursuant to section 1387, arguing the trial court's prior orders twice dismissing the action against him (in cases Nos. CF-8297 and CF-8454) barred further prosecution for the same offense pursuant to the section 1387 two-dismissal rule and section 1387.1 did not apply to permit a third prosecution. On January 30, 2002, the trial court (Imperial County Superior

Court Judge Donal B. Donnelly) denied Salcido's motion to dismiss the complaint. The court's order stated:

*"The Court finds this offense to be a 'violent felony' for purposes of Penal Code Sections 1387 and 1387.1. This finding is based upon the prosecution's announced intent to amend under Penal Code Section 1009 to allege the personal infliction of great bodily injury, as well as the reasonable inference drawn from the evidence taken at the preliminary hearing in CF-8454* [citation].

"The Court further finds that the prior dismissal of this case in CF-8454 on April 20, 2001 was due solely to 'excusable neglect' within the meaning of Penal Code Section 1387.1. The Court's granting of defendant's Penal Code Section 995 Motion constitutes a judicial determination of 'error on the part of the court' (i.e., by the magistrate at the preliminary hearing)." (Italics added.) The court also ordered that criminal proceedings in the case remain suspended pursuant to section 1368.

On March 1, 2002, the prosecution filed an amended complaint, adding allegations that in committing both offenses Salcido inflicted great bodily harm within the meaning of section 12022.7, subdivision (a). On September 22, 2005, criminal proceedings were reinstated. Salcido subsequently waived his right to a preliminary hearing and was held to answer the charges.

On October 6, 2005, the prosecution filed an information that contained the same two counts and allegations as contained in the amended complaint. On November 13, 2006, Salcido pleaded nolo contendere to the second count of assault by a prisoner with a deadly weapon or by means of force likely to cause great bodily injury (§ 4501) and the prosecution dismissed the other count and the enhancement allegations.[2]

On February 1, 2007, the trial court sentenced Salcido to the middle four-year term for his section 4501 conviction. On that day, Salcido filed a notice of appeal and requested a certificate of probable cause. On February 8, the trial court granted Salcido's request for a certificate of probable cause.

---

[2] Although the clerk's transcript contains certain documents that incorrectly describe the second count as the section 4501.5 battery charge, it is clear from Salcido's plea form and the reporter's transcript that Salcido pleaded nolo contendere to the section 4501 assault charge (and not the § 4501.5 battery charge).

## DISCUSSION

## I

### Sections 1387 and 1387.1 Generally

■ Section 1387 generally provides a "two-dismissal" rule barring further prosecution of a felony if the action against the defendant has twice been previously terminated according to the provisions of that statute. (*People v. Superior Court (Martinez)* (1993) 19 Cal.App.4th 738, 742 [23 Cal.Rptr.2d 733].) With certain exceptions (which do not apply in this case), section 1387, subdivision (a), provides regarding felony offenses: "An order terminating an action pursuant to this chapter [chapter 8 of title 10 of part 2, i.e., §§ 1381–1388], or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter [chapter 8 of title 10 of part 2, i.e., §§ 1381–1388], or Section 859b, 861, 871, or 995 . . . ." ■ "Where there are *successive dismissals on any of these* [statutory] *grounds* [set forth in section 1387], *or combinations of them*, the order terminating the second action operates to bar any third or subsequent prosecution on the same charge unless one of the statutory *exceptions* applies. [Citation.]" (5 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Trial, § 423, p. 600.)

"[U]ntil 1975, the interest in prosecuting felonies was considered so much greater that, while a one-dismissal rule applied to misdemeanors, felony charges could be refiled ad infinitum. [Citations.]" (*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1019 [22 Cal.Rptr.3d 876, 103 P.3d 276].) However, in 1975, section 1387 was amended to add the felony "two-dismissal" limit. (See Stats. 1975, ch. 1069, § 1, p. 2615; *Burris,* at p. 1019.) Accordingly, felony prosecutions are now generally "subject to a two-dismissal rule; two previous dismissals of charges for the same offense will bar a new felony charge." (*Burris,* at p. 1019.)

"Section 1387 implements a series of related public policies. It curtails prosecutorial harassment by placing limits on the number of times charges may be refiled. [Citations.] The statute also reduces the possibility that prosecutors might use the power to dismiss and refile to forum shop. [Citations.] Finally, the statute prevents the evasion of speedy trial rights through the repeated dismissal and refiling of the same charges. [Citations.]" (*Burris v. Superior Court, supra,* 34 Cal.4th at p. 1018.) "The purpose of section 1387 is to prevent improper successive attempts to prosecute a defendant." (*People v. Cossio* (1977) 76 Cal.App.3d 369, 372 [142 Cal.Rptr. 781].)

 In cases in which dismissals of *violent* felony charges (as defined in § 667.5) were dismissed "due solely to excusable neglect" and the prosecution did not act in "bad faith," section 1387.1 provides an exception to the "two-dismissal" rule and permits *violent* felony charges to be filed a third time. (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 739 [124 Cal.Rptr.2d 591]; *People v. Woods* (1993) 12 Cal.App.4th 1139, 1148–1149 [15 Cal.Rptr.2d 906]; *Burris v. Superior Court, supra*, 34 Cal.4th at p. 1019, fn. 6.) Section 1387.1 provides:

"(a) Where an offense is a *violent felony, as defined in Section 667.5*[,] and the prosecution has had two prior dismissals, as defined in Section 1387, the people shall be permitted one additional opportunity to refile charges where either of the prior dismissals under Section 1387 [was] due solely to excusable neglect. In no case shall the additional refiling of charges provided under this section be permitted where the conduct of the prosecution amounted to bad faith.

"(b) As used in this section, 'excusable neglect' includes, but is not limited to, error on the part of the court, prosecution, law enforcement agency, or witnesses." (Italics added.)

Therefore, if the previously charged and dismissed felony is not a violent felony as defined in section 667.5, "[s]ection 1387 generally bars a third prosecution of a felony, and certainly bars further prosecution when section 1387.1's prerequisites are not met [e.g., a section 667.5 violent felony]." (*Miller v. Superior Court, supra*, 101 Cal.App.4th at p. 740.)

## II

### *Application of Sections 1387 and 1387.1 to This Case*

Salcido contends the trial court erred by denying his section 1387 motion to dismiss the third complaint filed against him because neither of the first two dismissed accusatory pleadings (nor the third complaint) alleged a violent felony, as defined in section 667.5, permitting a third filing under section 1387.1. Therefore, he argues the section 1387 two-dismissal rule applies to bar further prosecution of him for the June 15, 2000, incident.

### A

 Because this case involves interpretation of section 1387.1's language, we briefly review rules for statutory construction. "The fundamental rule of statutory construction is that the court ascertain the intent of the Legislature from an examination of the statute as a whole. [Citations.] We do

this in order to be certain that our construction and application of the statute will effectuate the purpose of the law. [Citation.] This process requires that we first look to the plain meaning of the words used and their juxtaposition by the Legislature [citation]; and we are bound to give effect to a statute according to the usual and ordinary import of those words. [Citation.] We may not add to or alter those words in order to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citation.]" (*County of Los Angeles v. Superior Court* (1993) 18 Cal.App.4th 588, 594 [22 Cal.Rptr.2d 409].) "[S]tatutory language is generally the most reliable indicator of legislative intent." (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].)

"When used in a statute[,] words must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear, and the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]" (*People v. Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104].) "If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citations.]" (*People v. Toney* (2004) 32 Cal.4th 228, 232 [8 Cal.Rptr.3d 577, 82 P.3d 778].)

The proper interpretation of a statute is a question of law for our independent determination. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956]; *California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; *Mart v. Severson* (2002) 95 Cal.App.4th 521, 530 [115 Cal.Rptr.2d 717].) Likewise, the application of a statute to undisputed facts is a question of law, subject to our de novo, or independent, review on appeal. (*International Engine Parts, Inc. v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611 [38 Cal.Rptr.2d 150, 888 P.2d 1279]; *Lozada v. City and County of San Francisco* (2006) 145 Cal.App.4th 1139, 1149 [52 Cal.Rptr.3d 209]; *Seligsohn v. Day* (2004) 121 Cal.App.4th 518, 522–523 [16 Cal.Rptr.3d 909].)

B

■ Salcido argues, and the People apparently concede, that neither of the felony offenses charged in the dismissed complaint in case No. CF-8297 and the dismissed information in case No. CF-8454 was a violent felony, as defined in section 667.5. The dismissed complaint in case No. CF-8297 charged Salcido with battery by a prisoner on a nonconfined person (§ 4501.5) based on the June 15, 2000, incident. The dismissed information in case No. CF-8454 charged him with one count of battery by a prisoner on a

nonconfined person (§ 4501.5) and one count of assault by a prisoner with a deadly weapon or by means of force likely to cause great bodily injury (§ 4501) based on the June 15, 2000, incident. Section 667.5 does not list either a section 4501.5 battery or a section 4501 assault as a violent felony. Because neither charged offense in the two prior dismissals was a violent felony as defined in section 667.5, we conclude, based on our interpretation below of section 1387.1, that section 1387.1 does not apply to the undisputed facts in this case and therefore the section 1387 two-dismissal rule barred the People from filing a third complaint against Salcido based on the June 15, 2000, incident.

█ Because the parties have not cited, and we have not found, any case addressing the question of whether section 1387.1 permits a third filing to charge a violent felony offense when only a nonviolent felony offense was charged in two accusatory pleadings previously dismissed, we consider this question to be one of first impression. In interpreting section 1387.1, we note that its language does not expressly identify what offense must be a violent felony to permit a third filing. However, based on the plain meaning of the words used in section 1387.1 and their juxtaposition, it is implicit within section 1387.1's language that the violent felony offense for which charges may be refiled must be one of the charged offenses previously dismissed. Section 1387.1, subdivision (a), provides: "Where an offense is a violent felony, as defined in Section 667.5[,] and the prosecution has had two prior dismissals, as defined in Section 1387, the people shall be permitted one additional opportunity to refile charges . . . ." The People assert that the language of section 1387.1, subdivision (a), means that neither of the charged offenses in the two prior dismissals needs to have been a violent felony so long as the third filing charges a violent felony offense. However, by the statute's referring to the prosecution's "two prior dismissals," we conclude, as a matter of law, that section 1387.1, subdivision (a)'s use of the term "offense" (which must be a violent felony) necessarily means an offense previously charged by the prosecution and then dismissed. Furthermore, because section 1387.1 provides the prosecution with "one additional opportunity to *refile* charges" (italics added), the plain meaning of that language in the context of section 1387.1 refers to *refiling* of the *same* charges previously dismissed and does *not* include a filing of *new* charges or allegations not previously charged. We conclude the only reasonable construction of section 1387.1's plain language is that the violent felony offense for which charges may be refiled must be one of the charged offenses previously dismissed.

Although neither party cites *Burris v. Superior Court, supra*, 34 Cal.4th 1012, we note that its interpretation of *section 1387's* language may initially appear, on its face, to be somewhat analogous to this case and possibly require a contrary conclusion. *Burris* concluded section 1387's language (i.e., the word "it") was ambiguous regarding whether it referred to an earlier

terminated action or a current or future action in the context of a prior dismissed misdemeanor complaint. (34 Cal.4th at pp. 1018, 1022.) Because of that ambiguous language, *Burris* then considered the legislative policies underlying section 1387 and concluded the word "it" in section 1387 referred to a current or future action. (34 Cal.4th at pp. 1018–1022.) However, because we conclude *section 1387.1's* language (i.e., the word "offense") is unambiguous, *Burris* is inapposite and we do not have occasion to consider the legislative policies discussed in *Burris.* Furthermore, unlike this case, *Burris* involved interpretation of section 1387 (a different statute with different language) and legislative polices for prohibiting prosecution of a misdemeanor after a prior dismissal versus legislative policies for prohibiting prosecution of a felony after two prior dismissals. Finally, unlike this case, *Burris* involved circumstances in which the prosecution, after filing a misdemeanor complaint, learned of new information or evidence that would support filing of a new complaint charging, instead, a felony offense. (34 Cal.4th at pp. 1015–1016, 1020 ["When new evidence comes to light that suggests a crime originally charged as a misdemeanor is in fact graver and should be charged as a felony, section 1387 allows the People to do so."].) We conclude *Burris* does not require us to reach a contrary conclusion in interpreting section 1387.1.

■ Accordingly, assuming the facts of the incident remained unchanged (as in this case), the prosecution may not avoid section 1387's two-dismissal rule by charging a new offense or allegation in a third filing that would increase the offense originally charged to a violent felony when the charged offense in the prior two dismissals was not a violent felony. Were that permitted, the prosecution could avoid the statutory consequence of prior negligent conduct or other conduct that led to the two prior dismissals by overcharging an offense in a third filing when that offense presumably was not deemed, in its prosecutorial discretion, appropriate for charging as a violent felony in either of the two prior dismissed accusatory pleadings (e.g., complaint or information).[3] Therefore, in the circumstances of this case, the People were *not* permitted to add a new section 12022.7, subdivision (a), allegation to the felonies originally charged in the two prior dismissed accusatory pleadings to make their third filing a charge of a violent felony offense and thereby avoid the section 1387 two-dismissal rule. (Cf. *Ramos v. Superior Court* (1982) 32 Cal.3d 26, 29, 34–36 [184 Cal.Rptr. 622, 648 P.2d 589] [prosecution's third filing of special circumstances allegation was barred by § 1387 because that allegation had twice been previously dismissed].)

■ Had the People believed Salcido's conduct on June 15, 2000, was appropriate for a section 12022.7, subdivision (a), allegation, they should

---

[3] Section 691, subdivision (c), provides: "The words 'accusatory pleading' include an indictment, an information, an accusation, and a complaint."

have included that allegation in their prior accusatory pleadings. (Cf. *People v. Mancebo* (2002) 27 Cal.4th 735, 749 [117 Cal.Rptr.2d 550, 41 P.3d 556] [prosecution's failure to allege an enhancement was a discretionary charging decision, resulting in waiver of that enhancement].) The People cannot now add that allegation in a third filing of an accusatory pleading to avoid the two-dismissal rule. (Cf. *Dunn v. Superior Court* (1984) 159 Cal.App.3d 1110, 1118 [206 Cal.Rptr. 242] [§ 1387 barred filing of greater offense charge where there had been two prior dismissals of lesser included offense charge].) Because the People charged Salcido twice with nonviolent felony offenses arising out of his June 15, 2000, conduct and those charges were dismissed, section 1387's two-dismissal rule bars further prosecution of him for that conduct. Accordingly, the trial court erred by concluding section 1387.1 applied to permit the People to refile charges against Salcido for the third time.[4]

Furthermore, we note that the third complaint (in case No. CF-8798), as originally filed by the People *and* at the time of the trial court's hearing and decision on Salcido's motion to dismiss the complaint pursuant to section 1387, did *not* include a section 12022.7, subdivision (a), allegation with either of the two nonviolent felony offenses charged. Instead, at the hearing the People argued only that they *intended* to amend the complaint in the future to add that allegation. Therefore, at the time of the trial court's ruling, no violent felony offense within the meaning of section 1387.1 had been alleged in the People's third filing. Accordingly, the trial court further erred by concluding the People's intent to add that allegation to their third

---

[4] On January 8, 2008, Salcido filed a motion requesting that we take judicial notice of a California Senate Rules Committee analysis report, dated April 22, 1987, prepared for the third reading of 1987 Senate Bill No. 709, which led to the enactment of section 1387.1. We grant that motion, but do not rely on that judicially noticed document in interpreting the language of section 1387.1. (Evid. Code, §§ 452, subd. (c), 459, subd. (a).) If there is only one reasonable construction of statutory language, then we need not consider the legislative history and other extrinsic aids in determining the statute's legislative purpose. (Cf. *Abernathy v. Superior Court* (2007) 157 Cal.App.4th 642, 648–649 [68 Cal.Rptr.3d 726]; *County of Los Angeles v. Superior Court, supra,* 18 Cal.App.4th at pp. 594–595.) Nevertheless, to the extent that language is ambiguous, the legislative history of section 1387.1 supports, rather than detracts from, our statutory interpretation. It shows the apparent genesis of section 1387.1 was an Alameda County case in which the defendant was originally charged with the murder of his wife (i.e., a violent felony). Following two dismissals due to prosecutorial mistakes, the prosecution attempted to file the murder charge a third time, but the section 1387 two-dismissal rule precluded it. Therefore, there is nothing in section 1387.1's legislative history to suggest that it was intended to allow a third filing to charge a violent felony offense when, as in this case, the prosecution charged only a nonviolent felony offense in the two prior accusatory filings previously dismissed.

accusatory filing was sufficient to avoid section 1387's two-dismissal rule and qualify for a third filing under section 1387.1.[5]

## DISPOSITION

The judgment is reversed and the matter is remanded with directions that the trial court vacate its order denying the appellant's motion to dismiss the complaint in case No. CF-8798 and issue a new order granting that motion and dismissing the case with prejudice.

McIntyre, J., and O'Rourke, J., concurred.

---

[5] Because we dispose of this appeal on the ground discussed above, we need not, and do not, address Salcido's remaining assertion (e.g., that the trial court abused its discretion by finding there was "excusable neglect" under § 1387.1 in the circumstances of this case).