Filed 2/27/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARIUS BROWN,<br><br>    Defendant and Appellant. | A153191<br><br>(Napa County<br>Super. Ct. No. CR184279) |

Napa law enforcement officers initiated a traffic stop of appellant Darius Brown (Brown) and found him in possession of clothing stolen from the Ralph Lauren and Calvin Klein outlet stores. Brown was charged with a single felony violation of Penal Code[1] section 496, subdivision (a) (receiving stolen property in excess of $950 in value). A jury found Brown guilty as charged.

Brown appeals, arguing that he should have been charged with shoplifting, not receiving stolen property. In the alternative, Brown contends that the People improperly aggregated the values of the items stolen from the two stores, charging him with a single felony count of receiving stolen property, rather than two misdemeanors. We disagree with Brown's first argument but find merit in his second.

**BACKGROUND**

Shortly after 4:30 p.m. on August 13, 2017, police, responding to a dispatch regarding a theft at the Napa Outlets retail shopping center, found Brown in his car and in possession of various items of clothing stolen from the Calvin Klein and Ralph Lauren outlet stores. Further investigation determined that the items stolen from the Calvin

---

[1] All subsequent statutory references are to the Penal Code unless otherwise noted.

Klein store would have sold for $754, while the items stolen from the Ralph Lauren store would have sold for $206.84.

Brown was arrested and charged by information with one felony count of receiving stolen property in excess of $950 in value. At trial, the prosecution introduced video evidence showing Brown and three other individuals entering the Ralph Lauren store at 3:55 p.m. on August 13, 2017, and leaving shortly thereafter. Testimony from the supervisor at the Calvin Klein store established that Brown walked into that store with two other men at 4:15 p.m. The three men walked around the store, looked at store employees, and left. At about 4:30 p.m., Brown and the two other men returned, and Brown walked out of the store with several clothing items. At trial, a Calvin Klein supervisor identified Brown as the person who took the merchandise; her identification was corroborated by the testimony of a second Calvin Klein store employee who also witnessed the theft.

The jury found Brown guilty of felony receiving stolen property in excess of $950 in value (§ 496, subd. (a)).

## DISCUSSION

Brown raises two issues on appeal. First, Brown argues that because he committed shoplifting within the meaning of section 459.5, the People were precluded by that statute from charging him with receiving stolen property under section 496, subdivision (a). In the alternative, Brown argues that even if receiving stolen property was properly charged, because he took possession of that property in two discrete transactions, the People were not entitled to aggregate the value of the property in order to charge a felony offense (receiving stolen property over $950 in value). We reject Brown's first argument, but we agree with his second.

## I.     The People Were Not Required to Charge Shoplifting.

Brown argues that the text of section 459.5, created in 2014 by the passage of the Safe Neighborhoods and Schools Act (Proposition 47), required the People to charge shoplifting instead of receiving stolen property. As a question of statutory construction,

this issue is reviewed de novo.  (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529.)

Statutory construction begins with reading the words of the statute according to "their ordinary and usual meaning and . . . []in their statutory context."  (*Fluor Corp. v. Superior Court* (2015) 61 Cal.4th 1175, 1198.)  " 'If the statutory language is unambiguous, "we presume the Legislature [or electorate] meant what it said, and the plain meaning of the statute governs." ' "  (*People v. Salcido* (2008) 166 Cal.App.4th 1303, 1311.)

Section 459.5, subdivision (a), reads in relevant part:  "Notwithstanding [the definition of burglary in] Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary."

Careful textual analysis of subdivision (a) demonstrates that in both of its first two sentences, shoplifting is contrasted with burglary.  The first clause—"[n]otwithstanding Section 459"—alerts the reader that section 459.5, subdivision (a), defining shoplifting, applies to circumstances that might otherwise be governed by section 459, defining burglary.  Indeed, section 459 provides that "[e]very person who enters any . . . shop . . . with intent to commit . . . petit larceny . . . is guilty of burglary."  Thus, where a person enters a shop during regular business hours with the intent to commit petit larceny, that person's conduct is described in both the definition of shoplifting in section 459.5 and the definition of burglary in section 459.

Building on that context, the first sentence of section 459.5, subdivision (b), then provides that "[a]ny act of shoplifting as defined in subdivision (a) shall be charged as shoplifting," thereby eliminating a prosecutor's power to charge the same conduct as burglary instead.  The next sentence, providing that "[n]o person who is charged with shoplifting may also be charged with burglary or theft of the same property," further narrows the scope of the prosecutor's charging discretion.  Not only is a prosecutor

3

precluded from charging burglary *instead of* shoplifting; the prosecutor is also precluded from charging burglary (or theft) *in addition to* shoplifting.

In sum, the meaning of the text is clear. Despite the fact that many cases of shoplifting also fall within the definition of burglary, if a prosecutor wishes to charge those cases as either shoplifting or burglary, then he must charge shoplifting and shoplifting alone. Here, on the other hand, the prosecution charged Brown with neither shoplifting nor burglary; instead, Brown was charged with receiving stolen property under section 496. Taking into account both the context and plain language of section 495.5, no issue arises under that statute in the instant case.[2]

Brown's reliance on *People v. Gonzales* (2018) 2 Cal.5th 858 is misplaced. In that case, Gonzales pled guilty to one felony count of burglary, based on his entry into a bank to cash a stolen check in an amount less than $950. (*Id.* at 862.) Relying on section 459.5, our Supreme Court agreed that the conduct underlying the burglary charge constituted misdemeanor shoplifting and remanded to the trial court for misdemeanor resentencing. (*Id.* at 862, 877.) *Gonzales* thus involved a case originally charged as a felony burglary under section 459, the very statute expressly referenced and targeted in section 459.5. The *Gonzales* court's statement that "[a] defendant must be charged only with shoplifting *when the statute* [section 459.5] *applies*" therefore does nothing to advance Brown's assertion that section 459.5 extends to defendants convicted under

---

[2] This reading is consistent with *People v. Martin* (2018) 26 Cal.App.5th 825, which addressed whether a defendant convicted of felony conspiracy to commit petty theft—based on conduct that unquestionably constituted shoplifting under section 459.5—was eligible for resentencing after the enactment of Proposition 47. Construing section 459.5, *Martin* rejected the defendant's argument: "The statute does not say that a conspiracy to commit shoplifting shall be charged as simple shoplifting. Without such language, we cannot construe section 459.5 as prohibiting the charging of a conspiracy." (*Id*. at p. 835.) Brown's reliance on section 490.4, which became effective on January 1, 2019, fares no better for the same reason. Section 490.4, which creates the new crime of "organized retail theft," nowhere prevents the prosecution from charging section 496 when the conduct at issue would also support a section 490.4 charge. (§ 490.4.)

section 496, subdivision (a).[3]  (*Id.* at 876.)

Citing *People v. Allen* (1999) 21 Cal.4th 846, 861, footnote 16, Brown further argues that section 496 "is a form of theft."  *Allen,* however, did not so hold.  In that case, the Supreme Court held that under the "plain meaning" of section 496, subdivision (a) (*id.* at p. 861), an actual thief could be convicted of violating section 496 regardless of whether the statute of limitations had run on a theft charge.  (*Id.* at pp. 858–861.)  In so holding, the Supreme Court noted in passing that the Model Penal Code and other states "defin[e] receiving stolen property as a form of theft," (*id.* at p. 861, fn. 16); that observation, which is plainly dictum, has no bearing on our construction of the California Penal Code.

Accordingly, there is no merit to Brown's argument that section 459.5 precluded the prosecution from charging him with receipt of stolen property under section 496, subdivision (a).

## II.  The People Improperly Aggregated the Value of the Stolen Property.

In the alternative, Brown argues that because the stolen property found in his car was received in different transactions and from different owners, it was improper to aggregate the stolen property's value; thus, Brown argues, he was guilty of multiple misdemeanor counts of receiving stolen property valued below $950, not a single felony count of the same crime.  As another question of statutory construction, this issue is reviewed de novo.  (*Pineda v. Williams-Sonoma Stores, Inc.*, *supra*, 51 Cal.4th at p. 529.)

Assuming a defendant's knowledge that the property at issue was stolen, section

---

[3]  In 1992, the Legislature amended section 496, subdivision (a) to provide that "a principal in the actual theft of the property may be convicted pursuant to this section." (Stats. 1992, ch. 1146, § 1.)  Then, in 2014, voters passed Proposition 47, which created section 459.5 (shoplifting) and also amended section 496 to require only misdemeanor punishment where "the value of the property does not exceed nine hundred fifty dollars ($950)." (§ 496, subd. (a).)  If, as Brown suggests, Proposition 47 also barred prosecution under section 496 of a thief whose conduct in fact constituted shoplifting, then surely the language of section 496 would have been amended accordingly.  Instead, Proposition 47 left intact the language expressly permitting a prosecutor to charge a principal in the actual theft with violating section 496.

496, subdivision (a) may be violated in either of two ways: (1) by buying or receiving "any property that has been stolen" or (2) by "conceal[ing], sell[ing], withhold[ing], or aid[ing] in concealing, selling, or withholding any property from the owner." (§ 496, subd. (a).) "[E]ach of the prohibited acts listed in section 496, subdivision ([a]) are separate and distinct offenses." (*People v. Boyce* (1980) 110 Cal.App.3d 726, 734.) In particular, "[r]eceiving stolen property and concealing stolen property are separate offenses." (*Williams v. Superior Court* (1978) 81 Cal.App.3d 330, 343.)

Accordingly, the People's argument that Brown "received the property stolen from different stores and concealed it in his car when he drove away from the Outlets," necessarily entails the proposition that Brown committed two separate offenses, each of which violated section 496, subdivision (a).

In light of the distinction between receipt and concealment, two questions arise in the instant case. First, was it proper for the People to aggregate the value of the stolen goods with respect to the crime of receiving stolen property? Second, was such aggregation proper with respect to the crime of concealing stolen property?

"The crime of receiving stolen property congeals and is completed upon taking possession of the property with knowledge that it is stolen." (*Williams v. Superior Court*, *supra*, 81 Cal.App.3d at p. 343.) Here, Brown was found on August 13, 2017, with property stolen from two separate owners: (1) the Ralph Lauren store he entered at 3:55 p.m., and (2) the Calvin Klein store he entered at 4:15 p.m. and then again at 4:30 p.m. Brown's receipt of stolen property from the Ralph Lauren store, therefore, "congeal[ed] and [was] completed" (*ibid.*) upon his taking possession of those items. In turn, his receipt of stolen property from the Calvin Klein store was necessarily a separate

6

transaction.[4]  It follows that those distinct transactions were separate crimes of receiving stolen property, and thus ought to have been charged separately.

Seemingly in passing, the People argue in the alternative that aggregating the value of the stolen property was justified by the fact that Brown was "concealing more than $950 in his car when he drove away from the Outlets."  In *People v. Mitchell* (2008) 164 Cal.App.4th 442, 463, the Court of Appeal addressed a case in which the "defendant possessed both the [stolen] checks of Billy C. . . . and the [stolen] Discover card of Barbara C."  Although the stolen items belonged to two different owners, because the prosecution in *Mitchell* alleged that the defendant concealed the items "on or about the same date," the defendant could only be charged with a single count of concealing stolen property.  (*Ibid.*)  Similarly here, when he was caught with stolen items in his car, Brown possessed property stolen from two different owners in separate transactions; the prosecution argues that he was properly charged with a single count of violating section 496, subdivision (a), with the value of the stolen items properly aggregated under *Mitchell*.

However, in *Mitchell*, the jury was instructed that "[t]o prove that the defendant is guilty of [receiving stolen property], the People must prove that:  [¶]  The defendant received, *concealed, or withheld from its owner* property that had been stolen." (*Mitchell, supra*, 164 Cal.App.4th at p. 464, italics added.)  Furthermore, "[n]o evidence was presented as to defendant's buying, receiving, or selling any of the property. Thus, on each count, defendant's guilt turned on when she concealed or withheld the property from its owner.  In her argument to the jury, the prosecutor explained these counts were based on defendant's possession of the property, i.e., her concealing or withholding the

---

[4] The People note that Brown was accompanied by two or three other persons when he entered each store and suggest that Brown might have been "the aggregator who received the property stolen from different stores," presumably from his accomplices. But Brown was identified at trial as the man who stole the merchandise from the Calvin Klein store.  Thus, even if the property stolen from the Ralph Lauren store was received from certain accomplices in a post-theft transaction, that transaction would have been separate from the receipt of the Calvin Klein goods, which Brown took directly from the victim.

7

property, on the indicated days." (*Id.* at p. 463.) Accordingly, the People "were not required to prove when defendant received the property, as that was not their theory of liability." (*Ibid.*)

In contrast, the jury in the instant case was instructed on receiving stolen property and on that theory of liability alone. The evidence at trial concerned two thefts in which Brown was alleged to have taken part; with respect to the Calvin Klein theft, Brown was identified as the person who took and thereby received the stolen property directly from the store. Although the prosecutor repeatedly referred to "possession" in her argument to the jury, she told jurors that receiving stolen property means "to *take* possession and control of it" (italics added). She further argued that "we know that [Brown] stole the property from Calvin Klein." At no time in her closing did the prosecutor use any form of the words "withhold" or "conceal." And, consistent with the prosecution's single theory of liability, the verdict form referred only to receiving stolen property, not to withholding or concealing it.

*Mitchell* is therefore inapplicable to the instant case. Here, the People presented the jury with direct evidence concerning one transaction in which Brown received stolen property from the Calvin Klein store. The People presented further evidence implying that a second receipt-transaction took place concerning property stolen from the Ralph Lauren store. The proposed jury instructions, the prosecution's closing argument, and the verdict form referred only to receiving stolen property, not to concealing it. By virtue of these choices, the People wittingly or unwittingly elected to try Brown on a receipt theory of liability and placed this matter outside the orbit of the *Mitchell* case. Gesturing slightly toward an alternative theory of liability on appeal cannot bring it back.

In sum, in light of the receipt theory of liability elected by the People at trial, aggregating the value of the stolen property received by Brown was improper. Because neither the value of the goods from the Ralph Lauren store nor the value of the goods from the Calvin Klein store exceeded $950, there was insufficient evidence to support Brown's felony conviction under section 496. Brown's receipt of the stolen property in question could have been charged as two misdemeanors under section 496, but not a

8

single felony.

## DISPOSITION

The matter is remanded to the trial court, which shall reduce Brown's section 496, subdivision (a) conviction from a felony to a misdemeanor and resentence him accordingly.

_____
BROWN, J.

WE CONCUR:


_____
POLLAK, P. J.


_____
TUCHER, J.

*People v. Brown* (A153191)

11

Trial Court:   Napa County Superior Court

Trial Judge:   Hon. Rodney G. Stone

Counsel:

Paul Couenhoven, Marc McKenna, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Catherine A. Rivlin, Supervising Deputy Attorney, Allen R. Crown, Deputy Attorney General for Plaintiff and Respondent.