Filed 4/23/21

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOHN T. DUNLAP, as Executor, etc.,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MARIA E. MAYER, as Trustee, etc.,<br><br>Defendant and Respondent. | D077561<br><br><br><br>(Super. Ct. No. 37-2018-00033083-PR-TR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey S. Bostwick, Judge.  Reversed.

Withers Bergman; Mary F. Gillick and Matthew R. Owens; Kimura London & White and William O. London, for Plaintiff and Appellant.

Henderson, Caverly, Pum & Trytten; Kristen E. Caverly and Lisa B. Roper, for Defendant and Respondent.

Plaintiff John T. Dunlap is the executor of the New York estate (Estate) of Josephine A. Mayer,[1] who passed away in 2016.  Josephine was the lifetime beneficiary of a testamentary trust (Marital Trust) established by

---

[1] We refer to members of the Mayer family by their first names, for clarity.  No disrespect is intended.

Josephine's husband, Erwin Mayer. The Estate petitioned the trustee of the Marital Trust, defendant Maria E. Mayer, for an accounting. Maria objected to the petition, alleging that she was never a trustee of the Marital Trust and that she never had possession or control of the assets of the trust. The court dismissed the petition at a case management conference, without an evidentiary hearing to resolve the contested facts. The court abused its discretion in doing so. We reverse the order of the court and remand for further proceedings.

BACKGROUND

*Facts*

Josephine and Erwin Mayer were married and had two children, Maria and Claudia. Erwin was a resident of San Diego County when he passed away in 1995 and his estate was probated here. Erwin created a trust in his will for the benefit of Josephine. In litigation over Erwin's estate, family members and business entities entered into a settlement agreement that modified the terms of the Marital Trust. The settlement agreement, including the terms of the Marital Trust, was approved by the San Diego probate court. Pursuant to the settlement agreement, Josephine was the sole income beneficiary of the Marital Trust during her lifetime, and Maria was the sole principal beneficiary upon Josephine's death. The court appointed Maria as the sole trustee of the Marital Trust, pursuant to the terms of the settlement agreement. Claudia disclaimed any interest in the Marital Trust.

The Marital Trust was to be funded with Erwin's 99 percent interest in Peterson & Ross Limited Partnership (P&R) and his stock in Fillmore Mercantile, Inc. (FMI). Maria's husband at that time, Ray F. Garman, III, was the president of FMI. P&R was a subsidiary of, affiliate of, or related to FMI. Maria and Garman subsequently divorced. Josephine, as executor of

2

Erwin's estate, and Maria, as trustee of the Marital Trust, were responsible for funding the Marital Trust with the identified assets.

*Procedural Background*

The Estate filed this petition for an accounting of the Marital Trust for the period from Erwin's death until Josephine's death, January 21, 1995, through September 30, 2016. Maria filed a verified objection to the petition. The objection stated that Maria did not know if the Marital Trust was ever funded; she never acted as a trustee of the Marital Trust; to the best of her knowledge she never possessed the assets as a trustee of the Marital Trust; and upon investigation, information and belief, the entities that were to fund the Marital Trust had been defunct for more than 15 years. Maria further stated that she could not provide an accounting of the Marital Trust because she never served as a trustee. In her objection she claimed that she was not involved with, did not administer, and held no assets of the Marital Trust, other than being nominally named as a trustee in the settlement agreement.

The court held an initial case management conference in October 2019, and set another case management conference in January 2020, to give the Estate time to conduct discovery into the Marital Trust assets. The Estate sent discovery requests to Maria, but the responses were not received before the January conference. The Estate filed a progress report in advance of the hearing attaching documents showing that in 1996 the court approved a creditor claim for more than one million dollars to be transferred to FMI, and Maria signed a partnership agreement for P&R, as trustee of the Marital Trust, agreeing that the trust would provide a capital contribution of more than three million dollars to P&R.

3

At the case management conference on January 13, 2020, the court dismissed the petition without prejudice pursuant to Probate Code[2] sections 17202 and 17206.[3]  The Estate timely appealed.

DISCUSSION

The court dismissed the petition at a case management conference without advance notice that the conference could result in a dismissal.  The court based its order on Maria's objection.  There was no evidentiary hearing and consequently no evidence was accepted into the record.

I

STANDARD OF REVIEW

Sections 17202 and 17206 both provide the court with discretion to make orders regarding trusts.  (*Gregge v. Hugill* (2016) 1 Cal.App.5th 561, 567.)  The court must exercise its discretion within the " ' "limitations of legal principles governing the subject of its action." ' " (*Id.* at p. 568.)  A court abuses its discretion if " 'it exceeded the bounds of reason or contravened the uncontradicted evidence [citation], failed to follow proper procedure in reaching its decision [citation], or applied the wrong legal standard to the determination.' " (*Conservatorship of Becerra* (2009) 175 Cal.App.4th 1474, 1482 (*Becerra*).)

---

[2]    Further statutory references are to the Probate Code unless otherwise noted.

[3]    Section 17202 states:  "The court may dismiss a petition if it appears that the proceeding is not reasonably necessary for the protection of the interests of the trustee or beneficiary."
      Section 17206 states:  "The court in its discretion may make any orders and take any other action necessary or proper to dispose of the matters presented by the petition, including appointment of a temporary trustee to administer the trust in whole or in part."

4

Because the court dismissed the petition based solely on the pleadings, without an evidentiary hearing, we must accept the allegations of the petition as true. (*Chacon v. Union Pacific Railroad* (2018) 56 Cal.App.5th 565, 572.)

II

THE ESTATE HAD STANDING TO REQUEST AN ACCOUNTING

Maria contends that the Estate had no standing to petition for an accounting pursuant to section 17200 because the Estate was not a present beneficiary of the trust. She relies on section 24, subdivision (c), which states that a beneficiary is "a person who has any present or future interest, vested or contingent." The complete definition of a trust beneficiary under section 24, however, states: " 'Beneficiary' means a person to whom a donative transfer of property is made *or that person's successor in interest*; and [¶] . . . [¶] (c) As it relates to a trust, means a person who has any present or future interest, vested or contingent." (Italics added.)

In interpreting section 24, our Supreme Court has recently reminded us that "the Probate Code ' "was intended to broaden the jurisdiction of the probate court so as to give that court jurisdiction over practically all controversies which might arise between the trustees and those claiming to be beneficiaries under the trust." ' [Citations.] . . . [A]n expansive reading of the standing afforded to trust challenges under section 17200 'not only makes sense as a matter of judicial economy, but it also recognizes the probate court's inherent power to decide all incidental issues necessary to carry out its express powers to supervise the administration of the trust.' [Citation.]" (*Barefoot v. Jennings* (2020) 8 Cal.5th 822, 827–828.) Construing the words of section 24 with these precepts in mind, and with general tenets of statutory interpretation (see *People v. Salcido* (2008) 166 Cal.App.4th 1303, 1310–1311), persons with a present or future interest in a trust include those

5

persons' successors in interest. The Estate, as successor in interest to Josephine's interest in the trust, can pursue an accounting for the time when Josephine was the beneficiary of the trust, i.e. during her lifetime.

The general rules of survivability apply to proceedings under the Probate Code.[4] (Code Civ. Proc., § 377.30[5]; *Elliott v. Superior Court* (1968) 265 Cal.App.2d 825, 831 (*Elliott*).) The court in *Elliott* held that a beneficiary's cause of action against the trustee survives the death of the beneficiary. (*Id.* at p. 831.) The court relied on former section 573, which was repealed in 1992 and "restated without substantive change in Code of Civil Procedure sections 377.20(a) (survival of actions), [and] 377.30 (commencement of action decedent could have brought) . . . ." (Former § 573, repealed by Stats. 1992, ch. 178 (S.B. 1496) § 31, Law Revision Commission Comm.) The court said that the Legislature created "a comprehensive rule of survivability, and . . . there are no longer any nonsurvivable causes of action." (*Elliott*, at p. 831.) Maria distinguishes *Elliott* because it involved the survivability of a cause of action when the beneficiary died while the action was pending. The *Elliott* court's legal interpretation of former section 573 applies to both of its two successors in the Code of Civil Procedure, sections 377.20 and 377.30, regarding survivability and commencement of actions respectively.

---

[4] Probate Code section 1000 states: "Except to the extent that [the Probate Code] provides applicable rules, the rules of practice applicable to civil actions . . . apply to, and constitute the rules of practice in, proceedings under this code."

[5] Code of Civil Procedure section 377.30 provides as relevant: "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."

6

In sum, Josephine's right to request an accounting of the Marital Trust during her lifetime, when she was a beneficiary, continued after her death. The Estate, as the successor in interest to Josephine, was authorized to initiate this petition for an accounting from the trustee. (Code Civ. Proc., § 377.30; *Elliott*, *supra*, 265 Cal.App.2d at p. 831.)

III

DISMISSAL OF PETITION AT CASE MANAGEMENT CONFERENCE

The probate court erred in dismissing the petition at a case management conference, without an evidentiary hearing or completion of discovery and without giving the Estate notice that the conference could result in dismissal of the petition.

When matters within the purview of the Probate Code are contested, "[t]he court shall hear and determine any matter at issue and any response or objection presented, consider evidence presented, and make appropriate orders." (§ 1046.) There was no hearing here, and no evidence was presented. The court relied on Maria's objection to the petition, which stated that Maria did not know if the Marital Trust was ever funded, she never took title to or controlled any of the assets of the Marital Trust, and two businesses that were to fund the trust were defunct. The latter two statements were "to the best of her knowledge" and "upon information and belief," respectively. The Estate contested these statements and produced documents showing that in 1996 money was transferred to the two entities that were the assets of the Marital Trust.

The court could not rely on Maria's objections, even though verified, as a basis for its ruling because the facts were contested. "[W]hen challenged in a lower court, affidavits and verified petitions may not be considered as evidence at a contested probate hearing." (*Evangelho* (1998) 67 Cal.App.4th

7

615, 620.) "[S]ection 1022 authorizes the use of declarations only in an 'uncontested proceeding.'" (*Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1309.) "When a petition is contested, as it was here, . . . absent a stipulation among the parties to the contrary, each allegation in a verified petition and each fact set forth in a supporting affidavit must be established by competent evidence. [Citations.]" (*Estate of Lensch* (2009) 177 Cal.App.4th 667, 676.) The Estate contested Maria's declarations about the trust. There was no competent evidence establishing the allegations stated by Maria in her objection to the petition.

Maria contends that under section 17206, the court has the discretion to "make any orders and take any action necessary or proper to dispose of the matters presented by the petition . . . ." (§ 17206; see *Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 427.) "The probate court has general power and duty to supervise the administration of trusts." (*Schwartz*, at p. 427.) This power, however, comprises only the " 'inherent power to decide all *incidental* issues necessary to carry out [the court's] express powers to supervise the administration of the trust.' " (*Ibid.*, emphasis added.) In *Schwartz*, the court suspended the trustee and appointed an interim trustee pending a hearing. The court took these actions sua sponte, as part of its duties to supervise administration of the trust, and to inquire into the prudence of the trustee's actions. (*Ibid.*) In another case, a probate court's sua sponte request for an accounting under section 17206 was affirmed as part of the probate court's duty to supervise the administration of the trust. (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1413.)

Dismissal of a petition altogether is not an incidental issue; it is the complete resolution of the petition. The probate court does not have the power to dismiss an action sua sponte and without notice when, as here,

8

there are disputed issues. The Probate Code requires that "[a] hearing under this code shall be on notice unless the statute that provides for the hearing dispenses with notice." (§ 1042.) Neither section 17206 nor section 17202 dispense with notice for a hearing on a motion to dismiss. There was no notice of dismissal before the conference. Notice of the hearing stated only that it was set for a "[p]rogress report on pending discovery." There was no notice to the Estate that dismissal of the petition would be considered, much less granted. (See *Lee v. An* (2008) 168 Cal.App.4th 558, 565 [court erred in imposing sanctions that resulted in a default judgment at case management conference when party had no notice that sanctions leading to dismissal could be imposed if party failed to appear].)

We note that reviewing courts are "increasingly wary" of using procedural shortcuts because they "circumvent procedural protections provided by the statutory motions or by trial on the merits; they risk blindsiding the nonmoving party; and, in some cases, they could infringe a litigant's right to a jury trial." (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1594 [discussing in limine motions used to dispose of causes of action].) "The purpose of the pretrial is to expedite the proceedings and to facilitate the correct determination of the issues. The pretrial proceeding should not become a trap for the unwary." (*Mays v. Disneyland, Inc.* (1963) 213 Cal.App.2d 297, 300.)

The court was required to hold a hearing and consider competent evidence on the contested issue concerning an accounting of the assets of the Marital Trust during Josephine's lifetime. (§ 1046.) The court abused its discretion because it failed to follow the proper procedure in reaching its decision. (*Becerra, supra*, 175 Cal.App.4th at p. 1482; *Gregge, supra*, 1

Cal.App.5th at p. 571 [court abused its discretion in accepting dismissal that deprived petitioner of trial].)

DISPOSITION

We reverse the order of the probate court and remand for further proceedings in accordance with this opinion.  Costs to be awarded to appellant.

BENKE, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.