Filed 7/2/25  P. v. Caddell CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  CAYSON LAMONT CADDELL,  Defendant and Appellant. | D085600  (Super. Ct. No. RIF130895) |

APPEAL from an order of the Superior Court of Riverside County, Joshlyn R. Pulliam, Judge.  Reversed and remanded with instructions.

Law Offices of Bess Stiffelman and Bess Stiffelman for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Joy Utomi, and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Cayson Lamont Caddell appeals from an order denying his petition for resentencing.  He claims he was sentenced to the functional equivalent of life without parole, which makes him eligible for resentencing under Penal Code

section 1170(d)(1). The People concede error. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the People's concession and reverse and remand with instructions.

## I.

A jury convicted Caddell of first degree murder (Pen. Code, § 187, subd. (a); count 1), attempted murder (§§ 664, 187(a); counts 2 and 4), and participation in a criminal street gang (§ 186.22(a); count 3) for offenses committed in 2006 when he was 16 years old. For counts 1, 2, and 4, the jury found true certain firearm enhancements. (§ 12022.53(c), (d), & (e).) In 2010, the trial court sentenced Caddell to prison for a determinate sentence of 40 years plus an indeterminate sentence of 80 years to life.

In 2023, Caddell petitioned the court for resentencing under section 1170(d)(1), which permits juvenile offenders sentenced to life without the possibility of parole to petition for recall and resentencing under certain circumstances, and *People v. Heard* (2022) 83 Cal.App.5th 608. The court denied the petition after determining, based on Caddell's potential parole eligibility, he was not serving the functional equivalent of LWOP. (§ 3051.)

## II.

Caddell argues he is eligible for section 1170(d)(1) relief because his sentence is the functional equivalent of LWOP, and excluding him from obtaining such relief violates his constitutional right of equal protection. The People concede, and we agree.

Statutory interpretation and the application of undisputed facts to a statute are questions of law we review de novo. (*People v. Salcido* (2008) 166 Cal.App.4th 1303, 1311.)

Section 1170(d)(1) applies to juvenile defendants who "w[ere] sentenced to imprisonment for life without the possibility of parole." (§ 1170(d)(1)(A).) As Caddell acknowledges, his sentence does not fall within section 1170(d)(1)'s plain language. Even so, the constitutional right to equal protection extends section 1170(d)(1) eligibility to juvenile offenders who were sentenced to the functional equivalent of LWOP. (*Heard*, 83 Cal.App.5th at pp. 633–634.)

Caddell argues, and the People concede, he was sentenced to the functional equivalent of LWOP. Caddell's aggregate 120-year sentence is the functional equivalent of LWOP for purposes of section 1170(d)(1). (See *People v. Caballero* (2012) 55 Cal.4th 262, 267–268; see also *People v. Sorto* (2024) 104 Cal.App.5th 435, 450–451.) His potential eligibility for youth offender parole under section 3051 does not alter that conclusion. As relevant here, a youth offender sentenced to a life term of 25 years to life or more is eligible for parole after 25 years of incarceration. (§ 3051(b)(3).) But it "does not change the fact that the sentence *was* a de facto life without parole sentence at the time it was imposed," which is our focus for section 1170(d)(1) eligibility.[1] (*Heard*, 83 Cal.App.5th at p. 629.) Thus, Caddell's potential youth parole eligibility under section 3051 has no bearing on this aspect of his section 1170(d)(1) petition.

In sum, for purposes of section 1170(d)(1) eligibility, Caddell was sentenced to the functional equivalent of LWOP. The trial court thus erred

---

[1] Division Three of our district recently reached the opposite conclusion in a published decision after finding, based on *People v. Franklin* (2016) 63 Cal.4th 261, 279–280, that section 3051 parole eligibility moots a claim the defendant is serving the functional equivalent of LWOP. (*People v. Ortega* (2025) 111 Cal.App.5th 1252, 1260.) But as our division already considered and rejected this same *Franklin*-based argument in *Heard*, *Ortega* does not persuade us to change course.

in denying Caddell's petition on the ground that he was not serving the functional equivalent of LWOP. We express no opinion regarding the other components of section 1170(d) not at issue in this appeal. Given our disposition, we deny as moot Caddell's motion for early submission of the cause.

III.

We reverse and remand the order denying Caddell's petition for recall and resentencing. On remand, the trial court shall consider Caddell's petition on the merits and proceed under section 1170(d)'s directives.


CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


DO, J.

4