Filed 3/5/26  P. v. Carrillo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOE CARRILLO,<br><br>    Defendant and Appellant. | D085324<br><br><br>(Super. Ct. No. FSB039094) |

APPEAL from an order of the Superior Court of San Bernardino County, Donna G. Garza, Judge.  (Retired Judge of the San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed and remanded with instructions.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Steve Oetting and Maxine Hart, Deputy Attorneys General, for Plaintiff and Respondent.

Joe Carrillo appeals from an order denying his petition for resentencing.  He contends, and the People concede, he was sentenced to the functional equivalent of life without the possibility of parole and is therefore eligible to seek resentencing under Penal Code section 1170(d)(1).  Resolving this matter by memorandum opinion (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851–854), we accept the People's concession and reverse and remand for further proceedings on the resentencing petition.

## I.

A jury convicted Carrillo of assault with a deadly weapon (§ 245(a)(1); count 1) and four counts of attempted murder (§§ 664, 187(a); counts 2–5) and found true various enhancements for each count.  Carrillo committed those crimes when he was 17 years old.

In 2005, the trial court originally sentenced Carrillo to prison for a determinate term of nine years followed by an indeterminate sentence of 160 years to life.  On direct appeal, we struck the enhancement associated with count 1, which resulted in a reduced sentence of four years determinate plus an indeterminate term of 160 years to life.  (*People v. Carrillo* (May 4, 2007, D049607) [nonpub. opn.].)

In 2024, Carrillo filed a petition for recall and resentencing under section 1170(d)(1).  The trial court denied the petition on the grounds Carrillo was not sentenced to the functional equivalent of LWOP because of his youth offender parole eligibility under section 3051.

## II.

Carrillo contends he is eligible for relief under section 1170(d)(1) on equal protection grounds because his sentence is the functional equivalent of LWOP despite section 3051.  The People concede error.

Statutory interpretation and the application of undisputed facts to a statute are questions of law we review de novo. (*People v. Salcido* (2008) 166 Cal.App.4th 1303, 1311.)

A juvenile defendant who "was sentenced to imprisonment for life without the possibility of parole" is eligible to seek resentencing under section 1170(d). (§ 1170(d)(1)(A).) Although Carrillo's sentence does not fall within the statute's plain language, the constitutional right of equal protection extends section 1170(d) eligibility to juvenile offenders who were sentenced to the functional equivalent of LWOP. (*People v. Heard* (2022) 83 Cal.App.5th 608, 633–634.)

Carrillo's aggregate 164-year sentence, consisting of four determinate years plus 160 years to life, is the functional equivalent of LWOP for purposes of section 1170(d)(1). In *Heard*, we concluded the defendant's aggregate sentence of 103 years, consisting of 23 determinate years plus 80 years to life, was the functional equivalent of LWOP. (*Heard*, 83 Cal.App.5th at p. 631.) Carrillo's sentence exceeds the sentence in *Heard,* and the People concede it "unquestionably exceeds the juvenile offender's natural lifespan." (See also *People v. Sorto* (2024) 104 Cal.App.5th 435, 440, 450–451 [10 years plus 130 years to life constituted functional equivalent of LWOP]; *People v. Caballero* (2012) 55 Cal.4th 262, 265, 267–268 [40 years plus 70 years to life].)

Carrillo's youth offender parole eligibility under section 3051 does not affect his eligibility to seek section 1170(d) resentencing because section 3051 relief became available only after Carrillo's sentence was imposed. As relevant here, under section 3051, a youth offender sentenced to a life term of 25 years to life or more is eligible for parole after 25 years of incarceration. (§ 3051(b)(3).) Because section 1170(d)(1) refers to what the defendant "was

3

sentenced to," what matters is the defendant's original sentence. (*Heard*, 83 Cal.App.5th at p. 629.) Carrillo was sentenced long before section 3051's 2014 effective date. (Stats. 2013, ch. 312, § 4.) As a result, his later-acquired eligibility for parole under section 3051 does not "change the fact that the sentence *was* a de facto life without parole sentence at the time it was imposed." (*Heard*, at p. 629.) Therefore, his youth parole eligibility has no bearing on his eligibility under his section 1170(d) petition.

Some courts of appeal have parted ways with *Heard* by concluding parole eligibility under section 3051 excludes consideration under section 1170(d), even if the defendant was sentenced before section 3051's enactment. (See, e.g., *People v. Ortega* (2025) 111 Cal.App.5th 1252, 1260, review granted Sept. 17, 2025, S292070; *People v. Isayev* (2025) 113 Cal.App.5th 1117, 1140–1141.) *Ortega* relied on *People v. Franklin* (2016) 63 Cal.4th 261 in concluding section 3051 parole eligibility moots a claim the defendant's sentence is the functional equivalent of LWOP. (*Ortega*, 111 Cal.App.5th at p. 1260.) We, however, already considered and rejected this same *Franklin*-based argument (*People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1056–1059), so it does not persuade us to depart from *Heard*. (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.)

Because section 3051 does not alter that Carrillo "was sentenced" to the functional equivalent of LWOP, the trial court erred in denying Carrillo's section 1170(d) petition on that ground. We give no opinion regarding the other requirements of section 1170(d), which are not at issue in this appeal.

## III.

We reverse and remand the order denying Carrillo's section 1170(d) petition for recall and resentencing.  On remand, the trial court shall consider the petition on the merits and proceed under section 1170(d).


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.