Filed 6/29/21  P. v. Mendez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B304811 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA077944) |
| v. | |
| PEDRO MENDEZ, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Sergio C. Tapia II, Judge.  Affirmed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Pedro Mendez, convicted in 1993 of second degree murder for shooting and killing his wife, petitioned pursuant to Penal Code section 1170.95[1] to have his murder conviction vacated, alleging he had been found guilty on a theory of felony murder or under the natural and probable consequences doctrine and could not now be convicted of first or second degree murder because of amendments to the Penal Code limiting accomplice liability for murder. After appointing counsel for Mendez and receiving briefs from the prosecutor and Mendez's lawyer, the superior court denied the petition, finding Mendez had failed to make a prima facie showing of eligibility for relief. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Mendez's Trial, Conviction and Appeal*

Mendez shot and killed his wife in late May 1993 and then fled to Baja California, where he was apprehended the next day. Mendez made incriminating statements to local police before being returned to Los Angeles. At trial Mendez did not deny he had killed his wife, but contested the People's version of events.

According to the prosecution's evidence, Mendez shot his wife during an argument concerning a jacket. After asking his wife whether she believed he had the courage to shoot her, Mendez placed the gun he had been holding against her head and fired, killing her immediately. Testifying in his own defense, Mendez insisted the gun had accidentally discharged during a scuffle with his wife when they were arguing about whether he would take the gun outside to sell. Mendez's admission while in custody in Mexicali that he had intentionally shot his wife was introduced in the People's rebuttal case.

---

[1] Statutory references are to this code.

2

The jury convicted Mendez of second degree murder (§ 187, subd. (a)) with a true finding he had personally used a firearm when committing the offense (§ 12022.5, subd. (a)), and false imprisonment by violence or menace of a second victim, Raul Mendez (§§ 236, 237), a lesser included offense of the charged crime of kidnapping (§ 209), with a true finding Mendez had been armed during that offense (§ 12022, subd. (a)). The trial court sentenced Mendez to an indeterminate state prison term of 20 years to life.

This court affirmed the judgment on appeal, rejecting Mendez's argument his statements to the Mexicali police were inadmissible because they were the product of coercion and obtained in violation of his right to counsel during a police interrogation. (*People v. Mendez* (May 11, 1995, B081983) [nonpub. opn.].)

2. *Mendez's Section 1170.95 Petition*

Mendez, representing himself, filed a petition on February 19, 2019 to vacate his murder conviction and for resentencing under section 1170.95. The superior court appointed counsel to represent Mendez. The People filed an opposition to the petition, arguing Mendez was ineligible for relief because he was his wife's actual killer. The response in opposition attached a copy of this court's opinion affirming the judgment, *People v. Mendez, supra*, B081983. Mendez's counsel filed a reply urging the court to set the matter for an evidentiary hearing. The reply did not address the People's argument Mendez was ineligible for relief as his wife's actual killer.

On January 22, 2020 the superior court denied the petition, finding Mendez had failed to make a prima facie showing of his eligibility for relief, as required by section 1170.95,

3

subdivision (c).  The court explained, "The appellate opinion affirming the petitioner's conviction and sentence reflects that the petitioner was the actual killer and was convicted of murder on a theory of being the direct perpetrator and not on a theory of felony murder of any degree, or a theory of natural and probable consequences."

Mendez filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill No. 1437 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly limited the felony-murder exception to the malice requirement for murder. (See, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236, review granted Mar. 10, 2021, S266652; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1080.)  It also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Gentile*, at p. 859.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), section 1170.95, subdivision (c), prescribes a process for the court to determine whether to issue an order to

4

show cause and hold an evidentiary hearing to consider if the murder conviction should be vacated and the petitioner resentenced on any remaining counts:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction and "can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330 (*Verdugo*), review granted Mar. 18, 2020, S260493.)  "The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189 (see § 1170.95, subd. (a)(3))—for example, a petitioner who admitted being the actual killer as part of a guilty plea or who was found to have personally and intentionally discharged a firearm causing great bodily injury or death in a single victim homicide within the meaning of section 12022.53, subdivision (d)."  (*Ibid.*)

5

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts.  (§ 1170.95, subd. (d)(1).)  At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing.  (§ 1170.95, subd. (d)(3); *People v. Rodriguez*, *supra*, 58 Cal.App.5th at p. 230, review granted; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309 [prosecutor must only prove a reasonable jury could find the defendant guilty of murder with the requisite mental state; "[t]his is essentially identical to the standard of substantial evidence"].)  The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.  (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219; *People v. Drayton* (2020) 47 Cal.App.5th 965, 981; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted Mar. 18, 2020, S260598.)

  2. *The Superior Court Properly Denied Mendez's Petition for Resentencing*

Without actually disputing the superior court's finding he was convicted of murder as the actual killer of his wife, not under the felony-murder rule or the natural and probable consequences doctrine, Mendez urges us to reverse the order denying his petition for resentencing on two grounds:  (1) It was improper for the superior court to rely on factual statements in the appellate opinion affirming his conviction, which Mendez contends are hearsay and necessarily biased in favor of the People; and (2) in

evaluating whether he had made the requisite prima facie showing, the court was obligated to accept the truth of the factual allegations in his petition. We have repeatedly rejected both arguments, starting with *Verdugo*, *supra*, 44 Cal.App.5th 320, review granted, and continuing through our recent opinion in *People v. Harris* (2021) 60 Cal.App.5th 939 (*Harris*), review granted April 28, 2021, S267802. Mendez advances no persuasive reason for us to reconsider those prior decisions.

In *Verdugo*, *supra*, 44 Cal.App.5th at page 333, review granted, we explained, "A court of appeal opinion, whether or not published is part of the appellant's record of conviction" and held it was proper for the superior court to consider the information in an opinion affirming the petitioner's murder conviction on direct appeal "in determining whether he had made a prima facie showing of eligibility for relief under section 1170.95 or whether he was ineligible for relief as a matter of law." (Accord, *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1081; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020, S263939; *People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1136, fn. 7, review granted; see *People v. Woodell* (1998) 17 Cal.4th 448, 455 [appellate court record, including the appellate opinion, properly considered part of the record of conviction to establish the basis for an out-of-state felony conviction and determine if it qualified as a strike under California law].)

We expressly addressed the hearsay objection to use of the prior opinion on appeal in *Harris*, *supra*, 60 Cal.App.5th 939, review granted. Harris, like Mendez, relied on *Gilmore v. Superior Court* (1991) 230 Cal.App.3d 416 to argue factual statements in an appellate opinion are inadmissible hearsay and not properly considered in determining eligibility for relief under

7

section 1170.95.  Evaluating the evidence before the trial court on a summary judgment motion, the court of appeal in *Gilmore* held only that the description of events in an appellate opinion from a criminal case is inadmissible hearsay in a civil action for wrongful death.  (*Gilmore,* at p. 418.)  In contrast, we explained, "In postconviction proceedings, however, statements from prior appellate opinions are admissible as reliable hearsay even if they would not be admissible at trial.  (See, e.g., *People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661 [proper to rely on prior appellate opinion when ruling on section 1170.126 resentencing petition]; see also *People v. Saelee* (2018) 28 Cal.App.5th 744, 756 [reliable hearsay may be considered in deciding Proposition 64 petition to recall felony sentence for a marijuana conviction and to resentence as a misdemeanor]; *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1094-1095 [reliable hearsay may be considered at eligibility hearing under Proposition 47].)  The rules of evidence governing section 1170.95 proceedings 'should be no different than those applied at other analogous postconviction resentencing proceedings.'"  (*Harris*, at pp. 953-954; accord, *People v Clements* (2021) 60 Cal.App.5th 597, 612, review granted Apr. 28, 2021, S267624 ["in posttrial proceedings, statements from prior appellate opinions are admissible as reliable hearsay even if they would not be admissible at trial"].)

As the court of appeal explained in *People v. Williams* (2020) 57 Cal.App.5th 652, 661, "[A] 'hearing under section 1170.95 is not a trial *de novo* on all the original charges.' [Citation.]  Rather, it is a *postconviction* proceeding 'due to the Legislature's inclusion of section 1170.95 in Senate Bill No. 1437 . . . , [as] an "act of lenity" [citation], allowing for the retroactive application of the new law governing accomplice

8

liability for felony murder [citation], for defendants already serving valid sentences for murder.' [Citation.] In allowing for the section 1170.95 postconviction proceeding, the Legislature gave the superior court unfettered discretion to consider 'evidence' without any restriction at the subdivision (d)(3) hearing to determine the petitioner's eligibility for resentencing." Accordingly, the *Williams* court concluded, at the evidentiary hearing to determine whether a petitioner was eligible to be resentenced, the superior court was entitled to consider hearsay evidence, including statements from the appellate opinion affirming the petitioner's murder conviction, "'provided there is a substantial basis for believing the hearsay information is reliable.'" (*Id*. at p. 662.)

As for Mendez's contention the superior court, when assessing whether a petitioner has made the required prima facie showing, must accept as true the allegations in the petition notwithstanding information in the record of conviction directly refuting those allegations,[2] our colleagues in the Sixth Appellate District succinctly explained the proper procedure: "[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of

[2]     At the request of the Attorney General, we augmented the record on appeal with the record from Mendez's direct appeal, *People v. Mendez, supra*, B081983. A review of that material from Mendez's trial confirms the jury was instructed regarding premeditated and unpremeditated malice murder, as well as voluntary and involuntary manslaughter as lesser included offenses of the murder charge, and received no instructions regarding the felony-murder rule or the natural and probable consequences doctrine.

the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton, supra*, 47 Cal.App.5th at p. 980; see *Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, review granted.)

Among the readily ascertainable facts properly considered by the superior court is the jury's true finding that Mendez had personally used a firearm when committing second degree murder—that is, he was his wife's actual killer. That irrefutable fact is confirmed by our opinion affirming his murder conviction, also properly considered by the superior court, which did not merely recite the evidence supporting the jury's guilty verdict but also summarized Mendez's testimony in which he admitted he had shot his wife, although he claimed it had been unintentional. Accordingly, the superior court properly disregarded the counterfactual allegations in Mendez's petition. As the court ruled, Mendez is ineligible for relief under section 1170.95 as a matter of law.

10

## DISPOSITION

The postjudgment order denying Mendez's petition under section 1170.95 is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.