Filed 10/26/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>OKOUAVA SAELEE,<br><br>      Defendant and Appellant. | C084235<br><br>(Super. Ct. No. 13F07014) |

APPEAL from a judgment of the Superior Court of Sacramento County, Curtis M. Fiorini, Judge.  Reversed with directions.

Elizabeth Campbell for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein, Alice Su, Deputy Attorneys General, for Plaintiff and Respondent.

1

In this case, we make clear that the prosecution is required to admit actual evidence to establish an unreasonable risk of danger to public safety in the second step of Health and Safety Code section 11361.8, subdivision (b),[1] enacted as part of Proposition 64. We further hold that the standard of proof is proof by a preponderance of the evidence. Mere assertions of fact and argument by the prosecution, unsupported by evidence, is insufficient to establish an unreasonable risk of danger to the public, i.e., an unreasonable risk that the petitioner will commit a "super-strike" violent felony offense. Thus, while we disagree with defendant's contention that the clear and convincing evidence standard applies to the risk of dangerousness finding under section 11361.8, subdivision (b), we nevertheless conclude the trial court abused its discretion in rejecting defendant's petition to recall and resentence his conviction as a misdemeanor because in determining that defendant presented an unreasonable risk of danger to the public, the trial court relied only on bald factual assertions and argument by the prosecution unsupported by actual evidence.

We reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2013, defendant was charged with manufacturing hash oil (§ 11379.6, subd. (a); count one), being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count two), and possessing marijuana for sale (§ 11359; count three). The complaint alleged that he had suffered a prior serious felony conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) based on a 1994 conviction for assault with a semi-automatic firearm (Pen. Code, § 245, subd. (b)).

In September 2014, defendant pleaded no contest to possessing marijuana for sale and admitted the prior serious felony conviction allegation as well as a prior prison term

---

[1] Further undesignated statutory references are to the Health and Safety Code.

2

allegation under Penal Code section 667.5, subdivision (b), which was added to the information by stipulation. The court sentenced defendant to a negotiated aggregate term of seven years.

In December 2016, defendant petitioned to redesignate his offense as a misdemeanor under section 11361.8.[2] The petition alleged defendant had no disqualifying factors under subdivision (b) of section 11361.8. In February 2017, the prosecution filed written opposition to the petition, arguing that resentencing was inappropriate because defendant posed an unreasonable risk of danger to public safety. The prosecution did not challenge defendant's assertion that he was statutorily eligible for resentencing.

Although the prosecution's written opposition contained numerous factual assertions, it was not supported by any evidence. In the written opposition, the prosecution asserted that defendant had a lengthy criminal history, including several prior firearms-related offenses. According to the prosecution, in 1992, when defendant was 18, he was convicted of carrying a loaded firearm. (Former Pen. Code, § 12031.) While on probation for that offense, defendant was convicted of felony possession of a firearm in violation of a probation condition restricting gun possession. (Former Pen. Code, § 12021, subd. (d).) The prosecution further represented that in 1994, while on probation in each of the prior cases, a jury "convicted" defendant of "five counts of Penal Code

---

[2] Defendant's petition is labeled a petition for redesignation, but because he is currently serving a sentence on the subject conviction, it is more properly characterized as a petition for recall and resentencing. (See § 11361.8, subds. (a)-(d) [resentencing]; § 11361.8, subds. (e)-(g) [redesignation]; 2 Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2018) § 27.7, p. 27-11 & § 27.12, pp. 27-43 to 27-44 (Couzens) [distinguishing between § 11361.8 provisions applicable to people currently serving a sentence and provisions applicable to persons who have completed their sentence].) We will thus refer to defendant's petition as one for recall and resentencing.

3

[section] 245(b) . . . assault with the personal use of a firearm."[3] He was sentenced to 30 years four months in state prison.

The prosecution also asserted that defendant's current marijuana offense involved weapons. Citing a sheriff's report on the incident, the prosecution noted that a loaded .38-caliber handgun with its serial number removed was found in defendant's waistband. The gun had nine live rounds of ammunition in it. A search of defendant's residence revealed a rifle with 33 rounds of ammunition in defendant's bedroom plus more than 100 pounds of marijuana throughout the property, and evidence of methamphetamine manufacturing.[4]

On the same day the People filed their opposition, the court summarily denied the petition. The court found that defendant would pose an unreasonable risk of danger to public safety and denied his petition solely on that ground.

## DISCUSSION

Defendant contends the trial court abused its discretion in denying his petition to recall his felony conviction for possession of marijuana for sale (§ 11359) and resentence

---

[3] Although the prosecution asserted the defendant was "convicted by jury" of " assault with personal use of a firearm," we note that Penal Code section 245, subdivision (b), did not require personal use. The version of that was in effect between 1993 and December 31, 1999, read: "(b) Any person who commits an assault upon the person of another with a semiautomatic firearm shall be punished by imprisonment in the state prison for three, six, or nine years." One could be convicted of a violation of Penal Code section 245, subdivision (b), as an aider and abettor. If there was a personal use allegation found true in connection with this conviction, the written opposition is not clear because the prosecutor only referenced Penal Code section 245, subdivision (b), and did not reference a code section for a personal use enhancement.

[4] The factual basis for the plea stated only the generic facts related to the plea: defendant "was in possession of marijuana for sale, having suffered a prior conviction on June 2nd, 1994, which falls under the Three Strikes Law. [¶] Also, he failed to remain free and clear from prison custody for five years."

4

him to a misdemeanor because the prosecution failed to prove by clear and convincing evidence that he was an unreasonable risk to public safety. Defendant also points out that the prosecution offered no evidence in support of its dangerousness contention. We agree the court erred, not because it employed the wrong standard of proof, but for the reason that the prosecution introduced no evidence to satisfy its burden of proof.

## I. Proposition 64

On November 8, 2016, California voters approved Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act. (Ballot Pamp., Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 1, p. 178.) Among other things, Proposition 64 reduced the punishment for certain marijuana offenses, including possessing marijuana for sale under section 11359. The possession for sale of marijuana by a person 18 years of age or older is now punished as a misdemeanor unless the person has certain prior convictions or the offense involved the sale or attempted sale to a person under 18 years of age or the knowing use of a person 20 years of age or younger in cultivating, transporting, or selling marijuana. (§ 11359, subds. (b) & (c).)

Proposition 64 also provides a mechanism for recalling and resentencing prior felony convictions to a misdemeanor for persons currently serving a sentence. It added section 11361.8, which provides in pertinent part: "(a) A person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act." (§ 11361.8, subd. (a).)

5

Subdivision (b) of section 11361.8 provides: "Upon receiving a petition under subdivision (a), the court shall presume the petitioner satisfies the criteria in subdivision (a) unless the party opposing the petition proves by clear and convincing evidence that the petitioner does not satisfy the criteria. If the petitioner satisfies the criteria in subdivision (a), the court shall grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety." (§ 11361.8, subd. (b).)

An " 'unreasonable risk of danger to public safety' has the same meaning as provided in subdivision (c) of Section 1170.18 of the Penal Code." (§ 11361.8, subd. (b)(2).) That statute defines the term as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of [Penal Code section 667, subdivision (e)(2)(C)(iv)]." (Pen. Code, § 1170.18, subd. (c).) The cited subdivision of Penal Code section 667 identifies eight serious or violent felonies, "known colloquially as 'super strikes.' "[5] (*People v. Valencia* (2017) 3 Cal.5th 347, 351, fn. omitted.)

---

[5] The "super strikes" are: (1) " 'a sexually violent offense' " as defined in Welfare and Institutions Code, section 6600, subdivision (b); (2) oral copulation or sodomy, or sexual penetration of a child under 14 years of age and more than 10 years younger than the defendant, as defined in Penal Code sections 286, 288a, and 289; (3) a lewd and lascivious act involving a child under 14 years of age, in violation of Penal Code section 288; (4) any homicide offense, including attempted homicide, as defined in Penal Code sections 187 through 191.5; (5) solicitation to commit murder, as defined in Penal Code section 653f, subdivision (b); (6) assault with a machine gun on a peace officer or firefighter, as defined in Penal Code section 245, subdivision (d)(3); (7) possession of a weapon of mass destruction, as defined in Penal Code section 11418, subdivision (a)(1); and (8) any serious and/or violent felony offense punishable in California by life imprisonment or death (Pen. Code, § 667, subd. (e)(2)(C)(iv)(I-VIII)).

## II. Analysis

### A. The Proper Standard of Proof on the Dangerousness Finding

Defendant contends the prosecution had the burden of proving the risk of dangerousness as defined by Penal Code sections 1170.18, subdivision (c), and 667, subdivision (e)(2)(C)(iv), by clear and convincing evidence. We disagree.

Determining the proper standard of proof on the issue of dangerousness requires us to interpret section 11361.8, enacted as part of Proposition 64. " 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction.' " (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900.) Under fundamental rules of statutory construction, we must ascertain the intent of the Legislature, or the electorate, from examining the statute as a whole in order to effectuate the purpose of the law. (*People v. Salcido* (2008) 166 Cal.App.4th 1303, 1310-1311.) We look first to the plain meaning of the words used, giving effect to the usual and ordinary import of those words. (*Id.* at p. 1311.) " 'If the statutory language is unambiguous, "we presume the Legislature [or electorate] meant what it said, and the plain meaning of the statute governs." ' " (*Ibid.*) " 'We may not add to or alter those words in order to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' " (*Ibid.*; *Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 826-827 [courts do not insert words into a statute because "[d]oing so would violate the cardinal rule that courts may not add provisions to a statute"].)

Subdivision (b) of section 11361.8 contains two sentences, setting forth a two-step procedure. The first sentence addresses eligibility and states that upon receiving a petition for a recall of sentence under subdivision (a), the court shall presume the petitioner satisfies the criteria under that subdivision "unless the party opposing the petition proves by clear and convincing evidence that the petitioner does not satisfy the criteria." (§ 11361.8, subd. (b).) The second sentence, which addresses suitability and pertains to the trial court's risk of dangerousness determination, contains no similar

standard.  The second sentence states in its entirety:  "If the petitioner satisfies the criteria in subdivision (a), the court shall grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety."  (§ 11361.8, subd. (b), italics added.)  This two-step procedure is similar to the recall and resentencing provisions in the Three Strikes Reform Act of 2012 (Proposition 36), and the Safe Neighborhoods and Schools Act of 2014 (Proposition 47).  (See *People v. Estrada* (2017) 3 Cal.5th 661, 667 [referring to the first step in the Prop. 36 recall and resentencing provision as an eligibility determination and the second step as a suitability determination in which the trial court makes a finding as to the risk of danger to public safety posed by the petitioner]; *People v. Hall* (2016) 247 Cal.App.4th 1255, 1261 (*Hall*) [referring to the Prop. 47 procedure as a " 'two-step mechanism,' " the first step calling for an eligibility determination and the second a determination as to the risk of dangerousness].)[6]

Under the plain language of Proposition 64's section 11361.8, subdivision (b), the clear and convincing evidence standard applies to the first-step in Proposition 64's two-part procedure, the prosecution's burden of proof for establishing that defendant does not satisfy the criteria for resentencing set forth in subdivision (a) and is therefore ineligible for relief.  Dangerousness is not part of the eligibility criteria; it is a consideration

---

[6]  The Proposition 47 recall and resentencing provision is set forth in Penal Code section 1170.18, subdivision (b).  It provides in pertinent part:  "If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

The Proposition 36 recall and resentencing provision is set forth in Penal Code section 1170.126, subdivision (f).  It provides in pertinent part:  "If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

pertinent to the second step concerning suitability. Nowhere does the statute apply that same standard to the trial court's risk of dangerousness determination in the second step. The statute's plain language is simply not amenable to defendant's interpretation that a trial court may find him unsuitable only if the prosecutor proves he presents the requisite risk of danger to the public by clear and convincing evidence. That interpretation requires that we write something into the statute not enacted by the voters. This we will not do. (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1311 ["In construing a measure, we may not undertake to rewrite its unambiguous language"].)

Other courts have rejected similar claims in the context of Proposition 36 and Proposition 47. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1302-1306 (*Kaulick*); *People v. Jefferson* (2016) 1 Cal.App.5th 235, 240-242 (*Jefferson*).) 36].)[7] The courts in *Kaulick* and *Jefferson* concluded, respectively, that the standard of proof to be applied in the second-step under the Proposition 36 and Proposition 47 recall and resentencing provisions is the default standard of proof by a preponderance of the evidence. (*Kaulick*, at pp. 1305-1306 [Prop. 36]; *Jefferson,* at p. 241 [Prop. 47].) In doing so, both courts cited Evidence Code section 115, which provides: "[e]xcept as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." (*Kaulick*, at p. 1305; *Jefferson*, at p. 341.)

We conclude that the reasoning of *Kaulick* and *Jefferson* applies equally to section 11361.8, subdivision (b), enacted in Proposition 64. (See Couzens, § 27.11, pp. 27-29 to

---

[7] We recognize that neither the Proposition 36 nor Proposition 47 provisions contain the first sentence in section 11361.8, subdivision (b), stating that there is a presumption that the defendant satisfies the recall criteria "unless the party opposing the petition proves by clear and convincing evidence that the petitioner does not satisfy the criteria." Given our holding that this language applies only to satisfaction of the criteria qualifying defendant for recall, this distinction between the Proposition 64 provisions and the Proposition 36 and 47 provisions is not pertinent to our analysis about the standard of proof as to the risk of danger to the public, i.e., defendant's suitability.

9

27-32.)  Because neither the plain language of section 11361.8, nor any other statute provides for a higher standard of proof on the dangerousness finding under section 11361.8, subdivision (b), the proper standard of proof for the suitability step is preponderance of the evidence.

### B.  Supporting Evidence

In responding to defendant's assertion that the prosecution failed to introduce evidence supporting the dangerousness finding, the People suggest the prosecution is under no obligation to do so.  They assert that defendant did not cite any authority for such a requirement and in any event, the prosecution provided specific court case numbers and police report numbers associated with the prior convictions discussed in the written opposition.  We disagree that there is no statutory authority requiring the introduction of evidence to establish an unreasonable risk of danger to the public.  Although the trial court was not required to find a risk of unreasonable danger by clear and convincing evidence, the court was required to rely on *evidence* to make the dangerousness finding.  This the court did not do.

In making the dangerousness finding, section 11361.8, subdivision (b)(1), expressly provides that "the court may consider, but shall not be limited to *evidence* provided for in subdivision (b) of Section 1170.18 of the Penal Code."  (Italics added.) Under Penal Code section 1170.18, the resentencing court may consider:  (1) the petitioner's "criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes"; (2) his or her "disciplinary record and record of rehabilitation while incarcerated"; and (3) "[*a*]*ny other evidence*" the court, within its discretion, deems relevant.  (Pen. Code, § 1170.18, subd. (b)(1)-(3). italics added.)  These provisions clearly signal that some type of *evidence* must be presented to the trial court.

Here, the People's written opposition to the petition contained factual assertions about defendant's criminal history, but included no *evidence* supporting those assertions. Instead, the opposition included only statements of fact and argument made by the prosecutor, and such statements are not evidence. (*People v. Redd* (2010) 48 Cal.4th 691, 727 & fn. 16, 733, 743; *People v. Hamilton* (2009) 45 Cal.4th 863, 928-929 [statements of counsel not evidence]; accord, *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 224 [in context of civil law and motion practice, declarations referencing facts are evidence; arguments of counsel not evidence].)

Nor did the prosecution ask the court to take judicial notice of any court records related to the court file numbers it referenced in its written opposition. (See Evid. Code, §§ 452, 452.5.) For example, in *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1093 (*Sledge*), a case involving resentencing under Proposition 47, the trial court took judicial notice, at the prosecution's request, of the entire superior court file from a prior conviction and admitted several documents from it into evidence, including a supplemental probation report. Nothing similar was done here. Although the prosecution listed case numbers, there is no indication in the record that the trial court took judicial notice of those court files on its own motion. (See Evid. Code, § 455 [requiring the trial court to inform the parties when it has taken judicial notice sua sponte of a matter "that is of substantial consequence to the determination of the action" and afford the parties a reasonable opportunity to be heard].)[8]

---

[8] In denying the petition, the trial court used a local form order, checking off the box marked "other" under the paragraph for the denial of petitions. In the space provided next to the word "Other," it wrote: "Petitioner would pose an unreasonable risk of danger to public safety." No reference is made on the form to the court having considered any court files, other records, or any evidence whatsoever in arriving at this conclusion. It is recommended that courts using such forms consider modifying them to reflect what evidence the trial court relied upon.

11

While Proposition 64 does not define was constitutes "evidence" for purposes of determining whether a defendant poses an unreasonable risk of danger to public safety (§ 11361.8, subd. (b)(1)), under Evidence Code section 140 the term "evidence" includes "testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." Nothing in Proposition 64 suggests the applicable rules of evidence are any different than those which apply to other types of sentencing proceedings. (*Sledge, supra*, 7 Cal.App.5th at p. 1095 [arriving at the same conclusion regarding Prop. 47]; see also Couzens, *supra*, § 27.11, p. 27-34.) Examples of evidence that have been used to establish a defendant's criminal history or disciplinary record include the following: (1) Probation reports (see *Sledge*, at p. 1095 [eligibility hearing under Prop. 47 is a type of sentencing proceeding where use of reliable hearsay such as that found in probation reports is permitted]); (2) prior preliminary hearing and trial transcripts (*Hall, supra*, 247 Cal.App.4th at p. 1261; see Couzens, § 25.10, p. 25-65 [discussing the eligibility finding in Prop. 47]); (3) rap sheet printouts from the California Law Enforcement Telecommunication System (CLETS) (*People v. Martinez* (2000) 22 Cal.4th 106, 113); (4) prison records (see *Jefferson, supra*, 1 Cal.App.5th at pp. 243-244) and Penal Code section 969b packages (*Martinez*, at p. 116; Couzens, *supra*, § 25.10, p. 25-65); (5) appellate court opinions concerning the prior convictions (*Jefferson*, at pp. 242-243; Couzens, *supra*, § 25.10, p. 25-65); and (6) other documents from the record of conviction not listed *ante*, which may include, the abstract of judgment, the charging document, plea form, transcripts of the petitioner's plea, and the factual basis given for the plea. (See Couzens, *supra*, § 25.10, p. 25-65.) Trial courts may also consider the stipulations of the parties regarding facts underlying prior convictions. (*Ibid.*) No such evidence or similar sources of evidence was relied upon by the trial court here.

Accordingly, as requested by defendant, we shall remand the matter to the trial court for further proceedings. On remand, the parties will be allowed to present evidence

to support their respective positions on the question of whether defendant poses an unreasonable risk of danger to the public.  (See *People v. Barragan* (2004) 32 Cal.4th 236, 239 [retrial of a strike allegation after reversal for insufficient evidence is permissible].)

## DISPOSITION

The order denying defendant's petition for resentencing under Proposition 64 is reversed, and the matter is remanded for further proceedings consistent with this opinion.


      s/ MURRAY    , J.


We concur:


    s/ BUTZ    , Acting P. J.


    s/ DUARTE    , J.