Filed 7/24/24  P. v. Fleming CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RANDY FLEMING,<br><br>    Defendant and Appellant. | B324947<br><br>(Los Angeles County<br>Super. Ct. No. BA363372) |

APPEAL from an order of the Superior Court of Los Angeles County, Kevin P. Stennis, Judge.  Reversed and remanded with directions.

Jeffrey Manning-Cartwright, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy

Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

This appeal arises from an order denying defendant and appellant Randy Fleming's (defendant's) petition for resentencing under Health and Safety Code section 11361.8, which was enacted as part of the Control, Regulate, and Tax Adult Use of Marijuana Act (Proposition 64).[1] The Attorney General correctly concedes the trial court erred by relying solely on the argument of counsel, and no evidence, when finding that granting the petition would pose an unreasonable risk of danger to public safety. The parties disagree, however, about what our disposition of the appeal should be in light of the error. That is the dispute we resolve.

## I. BACKGROUND

In 2010, defendant was charged with a single count of possession of marijuana for sale. The information alleged the offense was gang related and it also alleged defendant had numerous prior convictions.

A trial jury convicted defendant (but found the gang allegation not true). Prior to sentencing, defendant moved the trial court to strike all but one of his prior strike offenses—some 28 of them. At the hearing, defendant admitted all the prior strike convictions, the trial court denied defendant's motion to strike any of them, and the court sentenced defendant to 25 years to life in prison. This court affirmed his conviction and sentence. (*People v. Fleming* (May 28, 2013, B241293) [nonpub. opn.].)

---

[1]     Undesignated statutory references that follow are to the Health and Safety Code.

In May 2021, defendant filed a petition for resentencing pursuant to section 11361.8.[2]  The People opposed the motion and argued granting the petition would pose an unreasonable risk of danger to public safety given defendant's criminal history.

The People's opposition contended that criminal history included two criminal cases in 1985 in which defendant pled guilty to 15 counts of robbery, 1 count of attempted murder, 4 counts of rape, 4 counts of lewd acts with a minor, and 4 counts of assault with a firearm.  The opposition described what it asserted was the factual predicate for the convictions in one of the two cases: defendant entered two restaurants with his friends, physically assaulted several patrons, robbed patrons of money and jewelry at gunpoint, forced multiple female employees and patrons to orally copulate him and undress, raped female employees at gunpoint, and sexually assaulted many other female patrons.  The opposition also described the asserted factual predicate for the convictions in the other case: defendant robbed and assaulted one off-duty police officer and shot and paralyzed a second off-duty officer, who later died.  The People did not submit any evidence in support of the claims in the opposition, nor did the People ask the trial court to take judicial notice of the court files from either of the prior cases.

The trial court heard argument on the petition.  Neither the court nor the parties mentioned the absence of evidence

---

[2]     Section 11361.8 allows a person "serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under [Proposition 64] had that act been in effect at the time of the offense . . . [to] petition for a recall or dismissal of sentence . . . ."

4

supporting the People's opposition. The trial court stated it could consider defendant's criminal history, including the type of crimes committed, the extent of injury to the victims, the length of prior prison commitments, the remoteness of the crimes, and defendant's disciplinary record and record of rehabilitation while incarcerated. As to at least the last two of these, the court remarked it did not "have any of that" and informed the defense that "if that exists and it's very very positive, that might be something you want to resubmit to the People and see if they might change their opposition." Defendant asserted he had "an excellent record in prison" but presented no evidence to support the statement. The defense did ask if the court would "feel better making a decision" if it obtained the prison records. The court responded, "Well, I'm ready to rule now, but again, I think maybe as some time passes . . . it might be something to reconsider." The court then recited the description of defendant's convictions from the People's opposition, found the People met their burden to show the defendant poses a danger to public safety, and declined to resentence defendant.

Defendant subsequently filed a petition for habeas corpus that this court construed as a request for relief from default for failure to timely file a notice of appeal. We granted the application, and the appeal is now before us for decision.

## II. DISCUSSION

The Attorney General's concession that the trial court erred in denying defendant's petition because there was no evidence before the trial court that it could rely on to find defendant posed an unreasonable risk of danger to public safety is well taken. In light of the error, defendant asks us to remand the cause with

5

instructions to grant his petition for resentencing.  The Attorney General, on the other hand, maintains the appropriate disposition is a remand for another hearing on the petition.  We follow precedent and hold the Attorney General's proposed disposition is the appropriate one.  There is no double jeopardy problem in these circumstances.

### A.     *The Trial Court Abused Its Discretion*

Section 11361.8 provides that upon receipt of a petition for recall or dismissal of a sentence under that section, "the court shall presume the petitioner satisfies the criteria . . . unless the party opposing the petition proves by clear and convincing evidence that the petitioner does not satisfy the criteria.  If the petitioner satisfies the criteria . . . , the court shall grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety."  (§ 11361.8, subd. (b).)

"In exercising its discretion, the court may consider, but shall not be limited to evidence provided for in subdivision (b) of Section 1170.18 of the Penal Code."  (§ 11361.8, subd. (b)(1).)  Penal Code section 1170.18 subdivision (b), in turn, provides the court may consider: (1) "[t]he petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes[;]" (2) "[t]he petitioner's disciplinary record and record of rehabilitation while incarcerated[;]"  and (3) "[a]ny other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in

6

an unreasonable risk of danger to public safety." (Pen. Code § 1170.18, subd. (b)(1)-(3).)

We review for abuse of discretion the trial court's determination that granting a petition would result in an unreasonable risk of danger to public safety. (*People v. Saelee* (2018) 28 Cal.App.5th 744, 748-749.) A trial court abuses its discretion when it "bases its decision on express or implied factual findings that are not supported by substantial evidence." (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.)

That is the circumstance presented here: the trial court had no evidence to support the criminal history representations made by the People in their opposition. That is error. (*Saelee, supra,* 28 Cal.App.5th at 748, 754 [the prosecution must admit, and the trial court must rely on, "actual evidence" to make a dangerousness finding under section 11361.8, subdivision (b)].)

### B. *Remand for Rehearing Does Not Violate Double Jeopardy Principles*

The Attorney General argues we should order the same remedy as did the court of appeal in *Saelee*: a remand for further proceedings in which "the parties will be allowed to present evidence to support their respective positions on the question of whether defendant poses an unreasonable risk of danger to the public." (*Saelee, supra,* 28 Cal.App.5th at 756-757.) Defendant believes such a remand would be improper because the trial court's dangerousness finding is akin to a finding of innocence or guilt on a substantive charge, that a reversal of the ruling for insufficient evidence is akin to an acquittal, and that allowing the People another opportunity to admit evidence of his dangerousness would violate double jeopardy principles. In

defendant's view, the People squandered their one opportunity to present evidence and we should remand the matter to the trial court with directions to grant defendant's request for resentencing.

Contrary to defendant's contention, allowing the trial court to conduct a new hearing would not violate the constitutional guarantee against double jeopardy. "The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." (*Green v. United States* (1957) 355 U.S. 184, 187.) Thus, double jeopardy principles generally do not apply to sentencing decisions.[3] (See *Monge v. California* (1998) 524 U.S. 721, 734; *People v. Barragan* (2004) 32 Cal.4th 236, 239, 245 [authorizing retrial of a strike crime allegation found on appeal to be unsupported by substantial evidence]; *People v. Monge* (1997) 16 Cal.4th 826, 843-844.) Here, a remand will not subject defendant to the possibility of being convicted more than once for an offense. We also see no adequate analogy between the posture of this resentencing case (in which defendant's sentence cannot increase)

---

[3]      Defendant nonetheless contends double jeopardy principles should apply to the dangerousness finding, relying primarily on a concurring opinion in *People v. Monge* that asserted that "application of double jeopardy does not depend on the mechanical application of a formula. It depends instead on the nature of the determination to be made and its relationship to the underlying offense." (*People v. Monge* (1997) 16 Cal.4th 826, 847 [conc. opn. of Brown, J.].) The concurrence is, of course, not binding law, and regardless, we are not persuaded that a dangerousness finding is akin to a finding on a substantive charge.

8

and a trial on a criminal charge that would justify stretching double jeopardy principles (if they could stretch so far) to bar a remand with instructions to hold a new hearing.

Concluding a remand for another hearing is the correct disposition, however, does not mean we thereby adopt the position that defendant must, as he says, "endure as many remands as it may take for a determined prosecutor to muster the necessary evidence" to prove dangerousness. Our decision is limited to the facts and legal argument here: a situation where the People presented no evidence at all (indicating an error of inadvertence or a "technical defect[ ] in . . . proof" (*People v. Morton* (1953) 41 Cal.2d 536, 545)), defendant did not object or otherwise alert the trial court to the absence of any evidentiary support for the criminal history representations made by the People,[4] and defendant's contention is solely that a remand for a new hearing would violate double jeopardy principles. The disposition we shall adopt, however, works both ways: just as the People will have an opportunity to introduce evidence of defendant's prior criminal conduct, defendant will have the opportunity to submit any mitigating evidence of the type mentioned by the trial court during the hearing from which this appeal is taken (e.g., his disciplinary history during the 30-plus years he has been in custody).

---

[4]     Though forfeiture principles do not foreclose defendant's challenge to the sufficiency of the evidence for the trial court's order (*People v. McCullough* (2013) 56 Cal.4th 589, 596), we do believe forfeiture concepts can inform our view of the appropriate disposition of this appeal.

DISPOSITION

The order denying the petition for resentencing is reversed, and the matter is remanded to hold another hearing on defendant's resentencing petition consistent with the views expressed in this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.