Filed 9/23/25  P. v. Salinas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051929 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 23CR001477) |
| v. | |
| JOEL SALINAS, | |
| Defendant and Appellant. | |

In 2011, defendant Joel Salinas pleaded no contest to willfully and unlawfully annoying and molesting Jane Doe, a child under the age of 18 years (Pen. Code,[1] § 647.6, subd. (a)).  The trial court suspended imposition of sentence and placed Salinas on probation for a period of three years.  As a result of his conviction, Salinas is required to register as a sex offender (§ 290, subds. (b) & (c)).

In 2023, Salinas filed in the trial court a petition to terminate the sex offender registration requirement under section 290.5, subdivision (a)(1) (petition).  Finding community safety would be significantly enhanced by Salinas's continued registration, the court denied the petition.  It also

---

[1] All further unspecified statutory references are to the Penal Code.

determined that Salinas could repetition for termination of his registration requirement in three years.

On appeal, Salinas contends the trial court abused its discretion both in denying his petition and in prohibiting him from repetitioning for three years. Salinas argues that the district attorney failed to carry her burden of producing evidence that denial of Salinas's petition would significantly enhance community safety. In addition, he asserts that the court erred by failing to articulate reasons for setting the three-year repetition period.

For the reasons stated below, we agree with Salinas that the district attorney failed to present sufficient evidence establishing that Salinas poses a current risk to community safety. The trial court therefore abused its discretion in determining that community safety would be "significantly enhanced" by Salinas's continued registration. Accordingly, we reverse the order and remand with directions to grant the petition.

## I. FACTS AND PROCEDURAL BACKGROUND

### A. Facts, Charges, and 2011 Conviction[2]

Between January 2011 and May 2011, Salinas, who was then 41 years old, engaged in phone and text communications with Jane Doe, who was then 13 to 14 years old. Salinas had purchased Doe a cellular phone so that they could communicate with one another without Doe's mother's knowledge. Salinas told Doe in these communications that he loved her, and he admitted to an investigating police officer that he was "infatuated with" Doe and had "romantic feelings for her." Salinas sent other "concerning text messages"

---

[2] We take these facts from the complaint filed by the Monterey County District Attorney, the district attorney's trial brief, the trial court's minute orders and criminal protective order, and the parties' pleadings submitted in connection with Salinas's petition. We assume the truth of the uncontested facts regarding the underlying registerable offense.

2

that were romantic and sexually suggestive in nature to Doe, including a lewd sexual cartoon, and Doe sent Salinas a photograph of herself in a bra. Both Salinas and Doe were aware of the age difference, but Salinas told Doe that age is "just a number" and Doe repeated this sentiment to investigating officers. Doe's mother discovered the communications and, after learning Salinas's identity, reported him to the Salinas Police Department in May 2011.

The Monterey County District Attorney charged Salinas with willfully and unlawfully annoying and molesting a child, Jane Doe, under the age of 18 years (§ 647.6, subd. (a)) (case No. MS296334A). The trial court issued a criminal protective order against Salinas, prohibiting him from contacting or coming within 100 yards of Doe.

On December 5, 2011, Salinas pleaded no contest to the charge. The next day, the trial court suspended imposition of sentence and placed Salinas on probation for a period of three years with terms and conditions. The court set the following conditions of Salinas's probation: no commission of the same or a similar offense, no contact with Jane Doe, registration as a sex offender pursuant to section 290, stay at least 100 yards away from Doe, voluntarily submit to searches and seizures "for purposes of searching for communication devices or instruments of communication for having unlawful communication with minors," and payment of a fine. The California Department of Justice designated Salinas as a tier 1 sex offender.

*B. Probation Violation and Subsequent Convictions*

In August 2012, the trial court found Salinas violated his probation in the underlying matter (case No. MS296334A) for having possessed a controlled substance without a prescription (Bus. & Prof. Code, § 4060) in April of that year. The court's finding of a probation violation was based on

Salinas's plea in case No. MS305198A. The court revoked probation and reinstated it on the same terms and conditions.

In her brief opposing Salinas's petition for termination (discussed in greater detail *post* (pt. I.C.)), the district attorney asserted that Salinas was also later convicted of the following offenses: (1) in 2016, of possessing for sale a controlled substance, namely, methamphetamine (Health & Saf. Code, § 11378) (case No. SS170221A); and (2) in 2017, of drug dealing after police officers found methamphetamine, a homemade weapon, plastic bags, and a scale at Salinas's residence (case No. SS170168A).[3]

According to letters from the Monterey County Probation Department, in April 2020, Salinas completed probation for the offenses in case Nos. SS170221A and SS170168A. These letters from the probation department verify only the case numbers set forth in the district attorney's opposition brief.

*C. Section 290.5 Petition*

On February 23, 2023, Salinas filed a form CR-415 petition to terminate the requirement that he register as a sex offender in California under section 290.5. He attached proof of his registration and his classification as a tier 1 offender. Salinas served the petition on the registering law enforcement agency (the Salinas Police Department) and the Monterey County District Attorney.[4]

---

[3] In his brief in support of his petition, Salinas states his "last conviction" was "for a felony [Health and Safety Code section] 11378 in 2017 (defendant's *only* felony)." (Italics added.) Salinas's brief does not describe the facts underlying this conviction.

[4] Section 290.5, subdivision (a)(2) states that "[t]he registering law enforcement agency . . . shall, within 60 days of receipt of the petition, report to the district attorney and the superior . . . court in which the petition is filed

4

On August 24, 2023, the district attorney filed a form CR-417 to request a hearing on Salinas's petition and register her objection to the petition on the basis that "[c]ommunity safety would be significantly enhanced by [Salinas's] continued registration."

The trial court held a number of hearings on the petition in November and December 2003. Salinas submitted documents for the court's consideration, including letters from the probation department confirming his completion of probation in case Nos. SS170221A and SS170168A (discussed *ante* (pt. I.B.)), character letters from a friend, his niece, and his sister, and certificates attesting to Salinas's completion of a "Drinking Driver Program," a Sun Street Centers DL101 program, and the Monterey County Day Reporting Center program.

On January 12, 2024, the district attorney filed a brief in opposition to Salinas's petition. The district attorney asserted that Salinas posed a current risk to society because of Salinas's repeated contact with Doe in 2011 and Salinas's subsequent drug use and convictions for drug dealing. The district attorney maintained that Salinas concealed and/or denied responsibility for each of his offenses until presented with evidence of his culpability. On that basis, the district attorney expressed skepticism regarding Salinas's assertion that he had ceased using drugs. She argued that Salinas's "completion of two programs and letters from two friends [did] not outweigh . . . the concealment and depravity of [Salinas's] past offenses" and his continued commission of

_____

regarding whether the person has met the requirements for termination pursuant to subdivision (e) of [s]ection 290." Although the record does not include a petition checklist or law enforcement agency certification from the Salinas Police Department confirming Salinas's eligibility to petition for termination, the district attorney did not challenge Salinas's statutory eligibility for section 290.5 relief.

felonies for six years thereafter. The district attorney did not attach to her opposition any records from any cases related to Salinas's drug convictions.

During a hearing on January 16, 2024, the trial court stated it would be relying on the summary of the evidence set forth in the district attorney's opposition brief. Salinas requested that the court continue the hearing so that he could review the police reports supporting the district attorney's summary of the evidence. The deputy district attorney represented to the court that he had the police reports, which he was "prepared to file" that day. The court continued the hearing to give the district attorney the opportunity to file any exhibits and evidence the district attorney wanted the court to consider. The record on appeal does not contain the police reports nor does it indicate that the district attorney filed any police reports with the trial court in support of her opposition to Salinas's petition.

After two further continuances, the trial court conducted a hearing on February 6, 2024. During that hearing, the deputy district attorney submitted on the pleadings. Salinas argued the district attorney failed to present evidence that he (Salinas) posed "a 'current risk of sexual or violent re-offense' " and cited *People v. Thai* (2023) 90 Cal.App.5th 427 (*Thai*) in support of his argument. The court requested Salinas file a brief setting forth his arguments and continued the hearing.

On February 7, 2024, Salinas filed a brief in support of his petition. Salinas argued that the district attorney failed to meet her evidentiary burden to demonstrate that termination of Salinas's registration requirement would significantly raise the risk to the community. Salinas contended that his "record indicates that most of his offenses are drug related with some minor traffic offenses" and he referred to "a weapons charge and vandalism from the 1990's." He acknowledged that he had a 2017 felony conviction for

violation of Health and Safety Code section 11378 for which he completed probation but asserted that his criminal record does not contain any sexual offenses other than the underlying registerable offense from 2011, or "any crimes of violence."

On February 15, 2024, the trial court issued its decision. The court stated that it had already heard the motion but had allowed counsel to submit additional briefing and had reviewed both the additional briefing and the *Thai* decision. The court stated it had considered multiple factors, including Jane Doe's age, "the significant age difference between [Doe] and [Salinas]," what the court described as "long-term grooming" of Doe by Salinas, Salinas's "continued contact" with Doe despite her mother's intervention, "the extent and nature of the contact, including the aggressive and offensive messages," and Salinas's subsequent criminal record, including two convictions for drug sales, which, "in at least one" case, appeared to be "substantial." Based on its review of these factors, the court found "that community safety would be significantly enhanced by requiring continued registration" and denied Salinas's petition.[5]

The trial court prohibited Salinas from filing another section 290.5 petition for a period of three years but did not state a reason on the record supporting its selection of three years.[6]

---

[5] The trial court stated that it also considered Salinas's "current risk of sexual violence re-offense," but it did not state whether this factor weighed in favor of denial of Salinas's petition, only that it is "one of the factors that the [c]ourt must review, not the sole factor."

[6] Although the minute order for the February 15, 2024 hearing states, "Motion is denied for a period of 3 years for the reasons as stated on the record," the reporter's transcript for that hearing does not include such a statement with respect to the three-year period.

## II. DISCUSSION

Salinas argues that the trial court erred in denying his petition because the district attorney failed to meet her burden to present sufficient evidence to support her assertion that public safety would be significantly enhanced by Salinas's continued registration. He contends that the court impermissibly gave "greater weight" to the circumstances of the registerable offense, and that the court abused its discretion by considering his subsequent drug convictions "as a barrier to relief" because they did not involve sexual or violent offenses. Salinas maintains that other factors weighed in favor of finding that community safety would not be significantly enhanced by denying his petition, including his lack of recidivism for similar offenses, the lack of any other sexual offenses before or after the instant offense, the single victim, his rehabilitation efforts, and the letters of support from friends and family.[7]

---

On the written order (form CR-418), filed March 28, 2024, the trial court checked the box stating that it denies the petition after hearing "because the court finds that . . . [¶] . . . [¶] [c]ommunity safety would be significantly enhanced by the petitioner's continued registration," and the box indicating that the court's findings were "stated orally on the record." The court also checked the box for tier 1 denials that stated Salinas "may not file another petition for termination for [three] years . . . from the date of denial," but the court did not complete the section regarding the reasons for its determination of the repetition timeframe.

[7] Salinas makes two additional arguments. First, he asserts that the trial court's denial of his petition violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Second, Salinas contends that the circumstances of his offense did not support a three-year repetition period and that the court violated section 290.5, subdivision (a)(4) because it did not state on the record its reasons for selecting the three-year period.

Although Salinas did not object during the hearing to the trial court's failure to provide a reason for its determination of the three-year period for

8

*A. Applicable Law*

The Sex Offender Registration Act requires persons convicted of certain specified sex offenses, including violations of section 647.6 (§ 290, subd. (c)(1)), to register as a sex offender with the chief of police of the city in which the person resides while they live, work, or attend school in California, "unless the duty to register is terminated pursuant to [s]ection 290.5 or as otherwise provided by law." (*Id.*, subd. (b); *Thai, supra*, 90 Cal.App.5th at p. 432.) "Due to a perceived propensity for recidivism, sex offenders are viewed as posing a ' " ' "continuing threat to society." ' " ' [Citation.] The 'overriding purpose' of sex offender management is to mitigate that threat, thereby 'enhanc[ing] community safety by preventing future sexual victimization.' [Citation.] Requiring sex offenders to register serves that purpose by ensuring that the offenders are readily available for police surveillance." (*People v. Franco* (2024) 99 Cal.App.5th 184, 190 (*Franco*); see also *People v. Smyth* (2024) 99 Cal.App.5th 22, 25–26.)

There are "three tiers of registration for sex offenders, primarily based on the offense of conviction." (*Thai, supra*, 90 Cal.App.5th at p. 432.) "A tier one offender is subject to registration for a minimum of 10 years." (§ 290, subd. (d)(1)(A).) "Tier 1 is for sex offenders posing the least risk of recidivism." (*Franco, supra*, 99 Cal.App.5th at p. 191.)

"A person who is required to register pursuant to [s]ection 290 and who is a tier one or tier two offender may file a petition in the superior court in the county in which the person is registered for termination from the sex offender registry on or after their next birthday after July 1, 2021, following

repetition, the Attorney General does not assert forfeiture. Because we are reversing the trial court's order and directing the court to grant Salinas's petition, we do not address his due process and repetition period arguments.

the expiration of the person's mandated minimum registration period."
(§ 290.5, subd. (a)(1).)  Removal from the registry also relieves the petitioner
"from the duty to continue to register." (*Franco, supra*, 99 Cal.App.5th at
p. 191.)  The person's "petition shall contain proof of the person's current
registration as a sex offender" (§ 290.5, subd. (a)(1)) and the person shall
serve the petition "on the registering law enforcement agency and the district
attorney in the county where the petition is filed." (*Id*., subd. (a)(2).)

The district attorney may "request a hearing on the petition . . . if
community safety would be significantly enhanced by the person's continued
registration." (§ 290.5, subd. (a)(2).)  If the district attorney does not request
a hearing, the trial court shall grant the petition for termination if the
petitioner has fulfilled all the statutory requirements, has no pending
charges that could extend his or her registration requirements or change his
or her tier status, and "is not in custody or on parole, probation, or supervised
release." (*Ibid*.)

"If the district attorney requests a hearing, the district attorney shall
be entitled to present evidence regarding whether community safety would be
significantly enhanced by requiring continued registration." (§ 290.5, subd.
(a)(3).)  Although section 290.5 does not define the phrase "community safety
would be significantly enhanced by the person's continued registration," the
*Thai* court concluded, based on the purpose of section 290 and the "usual and
ordinary meanings" of the words (*Thai, supra*, 90 Cal.App.5th at p. 432), that
the phrase means "the prosecution must produce evidence establishing that
requiring continued registration appreciably increased society's safety."
(*Ibid*.)  The prosecution bears the burden of producing evidence establishing
that the petitioner is "*currently* likely to reoffend." (*Id*. at p. 433.)  The trial

10

court must determine whether the prosecution has met its burden by a preponderance of the evidence.[8] (*Franco*, *supra*, 99 Cal.App.5th at p. 192.)

"In determining whether to order continued registration, the court shall consider: the nature and facts of the registerable offense; the age and number of victims; whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours); criminal and relevant noncriminal behavior before and after conviction for the registerable offense; the time period during which the person has not reoffended; successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available." (§ 290.5, subd. (a)(3).) "Any judicial determination made pursuant to this section may be heard and determined upon declarations, affidavits, police reports, or any other evidence submitted by the parties which is reliable, material, and relevant." (*Ibid.*; see also *Franco*, *supra*, 99 Cal.App.5th at p. 192.)

If the trial court denies the petition, "the court shall set the time period after which the person can repetition for termination, which shall be at least one year from the date of the denial, but not to exceed five years, based on facts presented at the hearing. The court shall state on the record the reason for its determination setting the time period after which the person may repetition." (§ 290.5, subd. (a)(4); *Franco*, *supra*, 99 Cal.App.5th at p. 192.)

---

[8] Section 290.5 does not specify the applicable standard of proof. In the absence of any specific statutory language to the contrary, the burden of proof is preponderance of the evidence. (See Evid. Code, § 115.)

11

*B. Standard of Review and Principles of Appellate Review*

"An appellate court reviews the trial court's ruling on a petition for termination from the sex offender registry for abuse of discretion. [Citation.] To establish an abuse of discretion, a defendant must demonstrate the trial court's decision fell outside the bounds of reason, i.e., was arbitrary, capricious, or patently absurd." (*Thai, supra*, 90 Cal.App.5th at p. 433.)

" 'The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' [Citation.] A trial court abuses its discretion when its factual findings are not supported by the evidence, or its decision is based on an incorrect legal standard." (*Thai, supra*, 90 Cal.App.5th at p. 433.)

"[W]hether the People have carried their evidentiary burden of establishing that a defendant's 'continued registration appreciably increase[s] society's safety' after weighing a variety of statutorily enumerated factors . . . is a predominantly factual inquiry and also an inquiry that calls upon the court to balance various factors; evaluating facts and balancing a panoply of factors pulling in different directions are tasks within the particular competence of trial courts because they are tasks trial courts confront on a daily basis while appellate courts do not." (*Franco, supra*, 99 Cal.App.5th at p. 193.)

*C. Analysis*

Salinas argues that the trial court abused its discretion in denying his petition because there was insufficient evidence to support the court's finding

that Salinas's continued registration would significantly enhance community safety. We agree.

The district attorney did not challenge Salinas's statutory eligibility for relief under section 290.5. If the district attorney had not requested a hearing, Salinas would have been presumptively entitled to have his registration requirement terminated because the record indicates he had fulfilled all the statutory requirements, did not have any charges pending that would have impacted his tier or registration status, and was not in custody or on parole, probation, or supervised release. (§ 290.5, subd. (a)(2); see *Franco*, *supra*, 99 Cal.App.5th at pp. 191–192 ["If the People do not request a hearing, the trial court must grant the petition as long as the defendant is currently registered, has no pending charges, and is not in custody or on parole, probation or supervised release."].)

Having requested a hearing, the district attorney bore the burden of demonstrating that Salinas was currently at risk of reoffending and, therefore, his continued registration would significantly enhance community safety. (§ 290.5, subd. (a)(3); *Thai*, *supra*, 90 Cal.App.5th at p. 432 ["[T]he prosecution must produce evidence establishing that requiring continued registration appreciably increased society's safety."].)

During the February 15, 2024 hearing, the trial court stated that it had "reviewed a number of . . . factors," which predominantly concerned the underlying registerable offense: Doe's age, Doe's and Salinas's age difference, Salinas's "long-term grooming" of Doe, Salinas's continued contact with Doe despite parental intervention, and "the extent and nature" of Salinas's contact with Doe, including the tenor of their communications. Although the facts of the underlying 2011 offense are insufficient on their own to demonstrate Salinas's risk to the community today (see *Thai*, *supra*, 90

13

Cal.App.5th at p. 434), the trial court also considered the fourth statutory factor, Salinas's "criminal and relevant noncriminal behavior before and after conviction for the registerable offense." (§ 290.5, subd. (a)(3).) The court found that Salinas had subsequent convictions for drug sales and that, "in at least one" case, the sales involved were "substantial." Based on the foregoing, the court concluded that community safety would be significantly enhanced by Salinas's continued registration as a sex offender.

The record before us lacks sufficient evidence to support the trial court's findings regarding Salinas's subsequent offenses and convictions. The statute provides, "Any judicial determination made pursuant to this section may be heard and determined upon declarations, affidavits, police reports, or any other evidence submitted by the parties which is reliable, material, and relevant." (§ 290.5, subd. (a)(3).) The record on appeal does not contain any underlying facts related to any offenses other than the crime that led to Salinas's registration requirement. Although section 290.5 allows for a wide range of evidence, it does require "reliable" evidence. (*Ibid.*)

The district attorney contended that Salinas was convicted of two drug-related offenses, one in 2016 and one in 2017, and set forth details of those offenses and convictions in her brief opposing Salinas's petition. However, the record contains no evidence supporting the proffered statements regarding the circumstances and details of those offenses and convictions. Although the deputy district attorney stated he would file the police reports for the 2016 and 2017 drug-related convictions, no such reports appear in the record before us. Moreover, while the district attorney listed case numbers for the two drug-related convictions, she neither asked the trial court to take judicial notice of any court records related to those case numbers nor does the record indicate the court took judicial notice of those records on its own

14

motion. (See, e.g., *People v. Saelee* (2018) 28 Cal.App.5th 744, 755 (*Saelee*).) Other than the probation department letters confirming Salinas completed probation in case Nos. SS170221A and SS170168A, the record contains no evidence of Salinas's convictions in those cases or evidence supporting the contentions in the district attorney's opposition brief.

"An attorney's argument in pleadings is not evidence." (*Hebberd-Kulow Enterprises, Inc. v. Kelomar, Inc.* (2013) 218 Cal.App.4th 272, 283; see also *Muskan Food & Fuel, Inc. v. City of Fresno* (2021) 69 Cal.App.5th 372, 389 ["Statements by an attorney, whether made in court or in a brief, are not evidence."]; *Soderstedt v. CBIZ Southern California, LLC* (2011) 197 Cal.App.4th 133, 154 ["[P]leadings are allegations, not evidence, and do not suffice to satisfy a party's evidentiary burden."].) "Examples of evidence that have been used to establish a defendant's criminal history or disciplinary record include the following: (1) Probation reports [citation]; (2) prior preliminary hearing and trial transcripts [citations]; (3) rap sheet printouts from the California Law Enforcement Telecommunication System (CLETS) [citation]; (4) prison records [citation] and Penal Code section 969b packages [citations]; (5) appellate court opinions concerning the prior convictions [citations]; and (6) other documents from the record of conviction not listed *ante*, which may include, the abstract of judgment, the charging document, plea form, transcripts of the petitioner's plea, and the factual basis given for the plea. [Citation.] Trial courts may also consider the stipulations of the parties regarding facts underlying prior convictions." (*Saelee*, *supra*, 28 Cal.App.5th at p. 756.)

"No such evidence was or similar sources of evidence were relied upon by the trial court." (*Saelee*, *supra*, 28 Cal.App.5th at p. 756.) Rather, as in *Saelee*, "the People's written opposition to the petition contained factual

15

assertions about defendant's criminal history, but included no *evidence* supporting those assertions.  Instead, the opposition included only statements of fact and argument made by the prosecutor, and such statements are not evidence."  (*Id*. at p. 755.)

The district attorney did not address statutory factors five through seven in her opposition brief.  However, on appeal, the Attorney General asserts that the fifth factor—"the time period during which the person has not reoffended" (§ 290.5, subd. (a)(3))—supports the trial court's denial of Salinas's petition because the six-year period since Salinas's last conviction weighs against him.  The trial court did not make any findings in the record regarding factor five.  Moreover, neither section 290.5 nor jurisprudence analyzing the statute provide guidance regarding the number of years a petitioner must remain conviction free to be considered not a risk to community safety.  The Attorney General neither cites any legal authority nor offers any cogent argument to support his assertion.

The Attorney General argues that Salinas's purported lack of remorse for committing the underlying offense and Salinas's failure to proactively enroll in a sex offender treatment program mean that factors six and seven— completion of a Sex Offender Management Board-certified sex offender treatment program and the petitioner's current risk of sexual or violent reoffense—weigh against granting Salinas's petition.

We are not persuaded by these arguments.  The Attorney General does not cite any evidence in the record to support his claim regarding Salinas's supposed lack of remorse.  In addition, the trial court did not require as a condition of probation that Salinas complete a Sex Offender Management Board-certified sex offender treatment program.  Moreover, these contentions are forfeited because the district attorney did not raise them in the trial

16

court.  Furthermore, as the Attorney General acknowledges, both section 290.5 and the *Thai* decision are clear:  The *prosecution* bears the burden of proof by a preponderance of the evidence that the petitioner poses a current risk to community safety.  (*Thai*, *supra*, 90 Cal.App.5th at pp. 432, 434; see also *Franco*, *supra*, 99 Cal.App.5th at p. 193.)  The dearth of evidence on these factors does not support denial of the petition.

Although we acknowledge the seriousness of Salinas's conduct in the underlying registerable offense and that he incurred subsequent narcotics convictions, we must conclude that, by failing to produce any evidence to support the assertions in its pleadings, the district attorney failed to meet her burden of demonstrating by a preponderance of the evidence that "terminating the registration requirement considerably raised the threat to society because" Salinas "was *currently* likely to reoffend."  (*Thai*, *supra*, 90 Cal.App.5th at p. 433.)  Because the trial court's factual findings are not supported by the evidence, the court abused its discretion in denying Salinas's petition to terminate his sex offender registration under section 290.5, subdivision (a).

### III.  DISPOSITION

The order is reversed and the matter is remanded with directions to grant Salinas's petition.

_____

Danner, Acting P. J.

WE CONCUR:

_____

Bromberg, J.

_____

Rodriguez, J.*

**H051929**
***People v. Salinas***

\* Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.